UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

TIMOTHY O'BRYAN,

        Plaintiff,

vs.

JOE TAYLOR RESTORATION, INC., a Florida
Corporation, AARON GETTY, individually,
KAREN RADEWICZ, individually, and
GLENDA GALARZA, individually

        Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff, TIMOTHY O'BRYAN, by and through his undersigned counsel, and sues the Defendants, JOE TAYLOR RESTORATION, INC. ("JTR"), AARON GETTY ("Mr. Getty"), KAREN RADEWICZ ("Ms. Radewicz"), and GLENDA GALARZA ("Ms. Galarza") (hereinafter collectively referred to as "Defendants"), and alleges as follows:

## INTRODUCTION

1.     This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA"), as temporarily modified pursuant to the Families First Coronavirus Response Act ("FFCRA"), Public Law 116-127.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over their controversy based upon the FMLA and FFCRA, and venue is proper as all acts described herein occurred within this judicial district.

## PARTIES

3.      At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4.      At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA as temporarily modified by the FFCRA.

5.      At all times material hereto, JTR was a Florida Corporation doing business and services in this judicial district, was the former employer of the Plaintiff, and is an employer as defined by the FMLA as temporarily modified by the FFCRA.

6.      At all times material hereto, Mr. Getty was the Vice-President of JTR, and acted directly in the interests of JTR in relation to the Plaintiff, exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of JTR, and is an employer as defined by the FMLA as temporarily modified by the FFCRA.

7.      At all times material hereto, Ms. Radewicz was the Director of Operations and HR of JTR, and acted directly in the interests of JTR in relation to the Plaintiff, exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of JTR, and is an employer as defined by the FMLA as temporarily modified by the FFCRA.

8.      At all times material hereto, Ms. Galarza was a supervisor of JTR, and acted directly in the interests of JTR in relation to the Plaintiff, exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of JTR, and is an employer as defined by the FMLA as temporarily modified by the FFCRA.

## STATEMENT OF FACTS

9.      The Plaintiff was an employee for the Defendant since January 18, 2018 as a mold and fire technician.

10.     During Plaintiff's employment, he was a satisfactory employee.

11.     However, Plaintiff began feeling ill on or about March 30, 2020 and was coughing, which he promptly reported to Ms. Galarza.

12.     Given he was exhibiting symptoms of COVID-19, on April 1, 2020, Ms. Galarza and Ms. Radewicz informed Plaintiff to stay home and complete two health forms for leave, which Plaintiff promptly returned the next day.

13.     Thus, Plaintiff was to quarantine for a period of 14 days (i.e. April 15, 2020).

14.     On April 3, 2020, the FFCRA became law, for which Plaintiff was to receive two weeks (up to 80 hours) of paid sick leave at his regular rate of pay since he was unable to work because he was experiencing COVID-19 symptoms.

15.     Plaintiff was, however, not paid for this time pursuant to the FFCRA.

16.     On April 13, Plaintiff asked Ms. Galarza if he was able to return on April 15, 2020 as he needed to get back to work and collect income since he was not being paid pursuant to the FFCRA.

13.     Ms. Radewicz informed Plaintiff to provide a doctors note that he was able to return to work.

14.     Plaintiff subsequently obtained a doctors note on April 14, 2020 that indicated he had self-quarantined due to a fever he experienced, but could return to work as it had been 14 days.

15.     Defendants would not accept Plaintiff's doctors note and informed him to provide a doctors note indicating that he was not specifically contagious for COVID-19, to which Plaintiff said he would see what he could get.

16.     On April 16, 2020, Plaintiff informed Ms. Radewicz and Ms. Galarza that he was getting tested for COVID-19 the following day (Friday, April 17, 2020).

17.     The next business day after Plaintiff's COVID-19 test (Monday, April 20, 2020), and *while Plaintiff's test results were still pending*, Mr. Getty, Ms. Radewicz, and Ms. Galarza called Plaintiff and informed him that he was terminated.

18.     Plaintiff obtained his test results after he was terminated, which in fact, confirmed that he was positive for COVID-19.

<u>COUNT I</u>

<u>FFCRA INTERFERENCE- ALL DEFENDANTS</u>

19.     The Plaintiff incorporates by reference paragraphs 1-18 herein.

20.     At all times material to this lawsuit, the Plaintiff was entitled to benefits afforded under the FMLA as temporarily modified by the FFCRA.

21.     The Defendants unlawfully interfered with the Plaintiff's exercise of his FFCRA rights by denying him benefits that he was afforded.

22.     As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA as temporarily modified by the FFCRA.

23.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA as temporarily modified by the FFCRA.

WHEREFORE, the Plaintiff, TIMOTHY O'BRYAN, requests that judgment be entered against the Defendants for all damages recoverable under the FMLA as temporarily modified by

the FFCRA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II

### FFCRA RETALIATION- ALL DEFENDANTS

24.     The Plaintiff incorporates by reference paragraphs 1-18 herein.

25.     At all times material to this lawsuit, the Plaintiff sought benefits afforded under the FMLA as temporarily modified by the FFCRA.

26.     As a result of this exercise of the benefits afforded under the FMLA as temporarily modified by the FFCRA, the Defendants intentionally, willfully and unlawfully retaliated against the Plaintiff by terminating his employment.

27.     That the Defendants' decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's need for benefits under the FMLA as temporarily modified by the FFCRA.

28.     As a direct and proximate result of the Defendants' unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA as temporarily modified by the FFCRA.

29.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA as temporarily modified by the FFCRA.

WHEREFORE, the Plaintiff, TIMOTHY O'BRYAN, requests that judgment be entered against the Defendants for all damages recoverable under the FMLA as temporarily modified by the FFCRA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands a jury trial.

Dated: June 23, 2020.                    Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
F.B.N.: 333920