UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-80993-WPD

TIMOTHY O'BRYAN

    Plaintiff,

vs.

JOE TAYLOR RESTORATION, INC., a Florida
Corporation, AARON GETTY, individually,
KAREN RADEWICZ, individually, and
GLENDA GALARZA, individually,

    Defendants.
_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, JOE TAYLOR RESTORATION, a Florida for profit corporation, AARON GETTY, individually, KAREN RADEWICZ, individually, and GLENDA GALARZA, individually (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's, TIMOTHY O'BRYAN (hereinafter referred to as "Plaintiff"), Complaint, as follows:

Defendants deny each and every allegation of Plaintiff's Complaint not expressly or otherwise admitted below. Defendants also specifically reserve the right to assert any additional affirmative defenses in matters of avoidance that may be disclosed during the course of additional investigation and discovery. Defendants' Answer to each of the specifically enumerated paragraphs of Plaintiff's Complaint is as follows:

### **Introduction**

1.    Defendants admit that Plaintiff purports to bring claims for damages under the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA"), as temporarily modified

pursuant to the Families First Coronavirus Response Act ("FFCRA"), Public Law 116-127, but deny any such claims exist and further deny the allegations, inferences and legal conclusions contained in Paragraph 1 of Plaintiff's Complaint and demand strict proof thereof.

## JURISDICTION AND VENUE

2. Defendants do not contest jurisdiction or venue but deny Plaintiff is entitled to such relief and further deny the allegations, inferences and legal conclusions contained in Paragraph 2 of Plaintiff's Complaint and demand strict proof thereof.

## PARTIES

3. Defendants deny for want of knowledge the allegations, inferences and legal conclusions contained in Paragraph 3 of Plaintiff's Complaint and demand strict proof thereof.

4. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 4 of Plaintiff's Complaint and demand strict proof thereof.

5. Defendants admit J the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendants admit Getty is JTR's vice president, but deny the allegations, inferences and legal conclusions contained in Paragraph 6 of Plaintiff's Complaint and demand strict proof thereof.

7. Defendants admit that Radewicz is JTR's the director of operations, but deny the allegations, inferences and legal conclusions contained in Paragraph 7 of Plaintiff's Complaint and demand strict proof thereof.

8. Defendants admit Galarza is one of JTR's supervisors, but deny the allegations, inferences and legal conclusions contained in Paragraph 8 of Plaintiff's Complaint and demand strict proof thereof.

## STATEMENT OF FACTS

9. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 9 of Plaintiff's Complaint and demand strict proof thereof.

10. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 10 of Plaintiff's Complaint and demand strict proof thereof.

11. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 11 of Plaintiff's Complaint and demand strict proof thereof.

12. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 12 of Plaintiff's Complaint and demand strict proof thereof.

13. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 13 of Plaintiff's Complaint and demand strict proof thereof.

14. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 14 of Plaintiff's Complaint and demand strict proof thereof.

15. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 15 of Plaintiff's Complaint and demand strict proof thereof.

16. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 16 of Plaintiff's Complaint and demand strict proof thereof.

17. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 17 of Plaintiff's Complaint and demand strict proof thereof.

18. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 18 of Plaintiff's Complaint and demand strict proof thereof.

## COUNT I

19. Defendants reaffirm and readopt their responses to paragraphs 1 through 18 as if

fully set forth herein.

20. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 20 of Plaintiff's Complaint and demand strict proof thereof.

21. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 21 of Plaintiff's Complaint and demand strict proof thereof.

22. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 22 of Plaintiff's Complaint and demand strict proof thereof.

23. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 23 of Plaintiff's Complaint and demand strict proof thereof.

Defendants deny Plaintiff is entitled to any of the relief or damages in the prayer for relief and demand strict proof thereof.

## **COUNT II**

24. Defendants re-adopt and re-affirm each and every response as stated in Paragraphs 1 through 18 above as if fully set forth herein.

25. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 25 of Plaintiff's Complaint and demand strict proof thereof.

26. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 26 of Plaintiff's Complaint and demand strict proof thereof.

27. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 27 of Plaintiff's Complaint and demand strict proof thereof.

28. Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 28 of Plaintiff's Complaint and demand strict proof thereof.

29. Defendants deny the allegations, inferences and legal conclusions contained in

Paragraph 29 of Plaintiff's Complaint and demand strict proof thereof.

Defendants deny Plaintiff is entitled to any of the relief or damages in the prayer for relief, and demand strict proof thereof.

## **AFFIRMATIVE DEFENSES**

30. As and for their First Affirmative Defense, Defendants state Plaintiff cannot evidence any facts which would give rise to a claim for damages.

31. As and for their Second Affirmative Defense, Defendants state Plaintiff has failed to comply with his statutory duty to mitigate or reasonably attempt to mitigate his claim for damages, his entitlement to which is expressly denied.

32. As and for their Third Affirmative Defense, Defendants state Plaintiff has failed to allege and/or cannot evidence any action or conduct by the Defendant which is suggestive of illegal retaliation.

33. As and for their Fourth Affirmative Defense, Defendants state to the extent Plaintiff alleges that an employee of the Defendant acted in a retaliatory manner, such conduct, if it occurred, was outside the course and scope of the employee's employment and/or not condoned by the Defendants and/or undertaken without the knowledge or consent of the Defendants, and accordingly, Defendants may not be liable therefore.

34. As and for their Fifth Affirmative Defense, Defendants state Plaintiff's Complaint fails to state a claim upon which relief may be granted.

35. As and for their Sixth Affirmative Defense, Defendants state Plaintiff's claims are barred on the grounds that he has not suffered any damages.

36. As and for their Seventh Affirmative Defense, Defendants state Plaintiff's claims are barred on the grounds any harm that he might have suffered is exclusively attributable to a

third-party or himself, but not to Defendants.

37. As and for their Eighth Affirmative Defense, Defendants state Plaintiff's claims are barred on the grounds Defendants based all employment decisions concerning Plaintiff solely on legitimate, non-retaliatory business reasons unrelated to any alleged statutorily protected expression.

38. As and for their Ninth Affirmative Defense, Defendants state Plaintiff's claims are barred on the grounds that Defendants did not in any way interfere with or retaliate against Plaintiff with respect to the compensation, terms, conditions, or privileges of Plaintiff's employment because of any alleged statutorily protected expression.

39. As and for their Tenth Affirmative Defense, Defendants states Plaintiff's alleged statutorily protected expression neither was made in good faith nor with objective reasonableness.

40. As and for their Eleventh Affirmative Defense, Defendants state any adverse employment action which the Plaintiff alleges was retaliatory was not causally connected to any alleged statutorily protected expression.

41. As and for their Twelfth Affirmative Defense, Defendants state Plaintiff's claims are barred, in whole or in part, because assuming, arguendo, retaliatory reasons were a factor in any employment decision involving Plaintiff, Defendants would have made the same employment decisions with regard to Plaintiff for legitimate, non-retaliatory business reasons (poor performance).

42. As and for their Thirteenth Affirmative Defense, Defendants state Plaintiff's claims are barred, in whole or in part, because Plaintiff is estopped by his own conduct to claim any right to damages or other monetary relief from Defendants.

43. As and for their Fourteenth Affirmative Defense, Defendants state Plaintiff's

claims are barred, in whole or in part, by the doctrine of unclean hands.

44. As and for their Fifteenth Affirmative Defense, Defendants state Plaintiff's claims are barred and/or potential damages should be reduced, in whole or in part, pursuant to the after-acquired evidence doctrine to the extent such evidence demonstrates Plaintiff's employment would have been terminated for legitimate, non-retaliatory reasons.

45. As and for their Sixteenth Affirmative Defense, Defendants state Plaintiff's claims for relief are barred, in whole or in part, to the extent Plaintiff seeks damages not permitted under the applicable law or that are in excess of the limits imposed by applicable law.

46. As and for their Seventeenth Affirmative Defense, Defendants state Plaintiff's claims for damages (if any) must be reduced by all amounts that were earned or which reasonably could have been earned by Plaintiff or for income from non-collateral or other sources.

47. As and for their Eighteenth Affirmative Defense, Defendants state Plaintiff's alleged claims for emotional distress damages are barred in their entirety or subject to apportionment to the extent such damages were caused, in whole or in part, by sources other than the alleged actions or Defendants.

48. As and for their Nineteenth Affirmative Defense, Defendants state Plaintiff's claims as to the individual Defendants are barred as none are employers under the Act.

49. Defendant reserves the right to assert additional affirmative defenses that may be learned or disclosed through the discovery process.

## DEMAND FOR COSTS AND ATTORNEY'S FEES

Defendants are entitled to an award of costs and attorney's fees incurred in defense of O'Bryan's claims because the claims have been brought in bad faith. *See, e.g., Kreager v. Solomon*

*& Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985) and *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998).

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray this Honorable Court dismiss with prejudice Plaintiff's claims in full, tax costs against Plaintiff and in favor of Defendants, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of, *inter alia*, *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985).

Dated:  July 20, 2020                           Respectfully submitted,
            Boca Raton, FL

                                                *s/ Daniel R. Levine*
                                                DANIEL R. LEVINE, ESQ.
                                                Florida Bar No. 0057861
                                                E-mail:  DRL@PBL-Law.com
                                                PADULA BENNARDO LEVINE, LLP
                                                3837 NW Boca Raton Blvd., Suite 200
                                                Boca Raton, FL   33431
                                                Telephone:     (561) 544-8900
                                                Facsimile:     (561) 544-8999
                                                Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.

## SERVICE LIST

*Timothy O'Bryan v. Joe Taylor Restoration, Inc., et al.*
Case No. 9:20-cv-80993-WPD
United States District Court, Southern District of Florida

| | |
|---|---|
| Chad E. Levy, Esquire<br>E-Mail:  chad@levylevylaw.com<br>Law Offices of Levy & Levy, P.A.<br>1000 Sawgrass Corporate Parkway, Suite 588<br>Sunrise, FL  33323<br>Counsel for Plaintiffs<br>Telephone:    (954) 763-5722<br>Facsimile:     (954) 763-5723<br>*Via CM/ECF* | Daniel R. Levine, Esquire<br>E-Mail:  DRL@PBL-Law.com<br>Padula Bennardo Levine, LLP<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL  33431<br>Telephone:    (561) 544-8900<br>Facsimile:     (561) 544-8999<br>Counsel for Defendants<br>*Via CM/ECF* |
| David M. Cozad, Esquire<br>E-Mail:  david@levylevylaw.com<br>Law Offices of Levy & Levy, P.A.<br>1000 Sawgrass Corporate Parkway, Suite 588<br>Sunrise, FL  33323<br>Counsel for Plaintiffs<br>Telephone:    (954) 763-5722<br>Facsimile:     (954) 763-5723<br>*Via CM/ECF* | |