UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-80993 DIMITROULEAS/MATTHEWMAN

TIMOTHY O'BRYAN,

      Plaintiff,

v.

JOE TAYLOR RESTORATION, INC.,
AARON GETTY, KAREN RADEWICZ,
and GLENDA GALARZA,

      Defendants.
_____/

FILED BY KJZ D.C.

Jan 6, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER DENYING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

**THIS CAUSE** is before the Court upon Defendants' Motion for Sanctions Pursuant to Rule 11 [DE 15]. This matter was referred to the undersigned by the Honorable United States District Judge William Dimitrouleas. [DE 18]. The matter is fully briefed and the Court held a hearing on the Motion on January 5, 2021. Thus, this matter is now ripe for review.

## PROCEDURAL HISTORY

Plaintiff filed a Complaint on June 3, 2020, alleging one count of FFCRA[1] Interference and one count of FFCRA Retaliation which sought damages for Defendants' alleged failure to abide by the FMLA as it relates to sick leave for employees missing work for reasons related to COVID-19. [DE 1]. On July 20, 2020, Defendants filed an Answer. [DE 6].

On October 12, 2020, Defendants sent Plaintiff a Rule 11 demand letter. [DE 15-2]. This demand letter stated that Plaintiff has no cause of action under the FMLA because Plaintiff "has

---

[1] The Families First Coronavirus Response Act ("FFCRA"), Pub. L. 116–127, contains both the Emergency Family and Medical Leave Expansion Act ("EFMLEA") and the Emergency Paid Sick Leave Act ("EPSLA"). The EFMLEA and EPSLA are modeled after the Family Medical leave Act ("FMLA") and the Fair Labor Standards Act ("FLSA"), respectively, to provide paid leave and other benefits to employees for various reasons related to COVID-19.

not alleged he was unable to work due to a need for leave to care for a child under 18 years of age, whose school or place of care has been closed, or that the care provider of such child was unavailable, due to COVID-19." [DEs 15, 15-1]. On October 15, 2020, Plaintiff voluntarily dismissed Count Two—FFCRA Retaliation—only. [DEs 12, 13].

On November 6, 2020, Defendants filed a Rule 11 motion. [DE 15]. This motion mirrored the demand letter and alleged that Plaintiff was not entitled to any relief under the FMLA. Defendants acknowledged that Plaintiff withdrew Count Two, but argued that Count One still improperly asserted a claim under the FMLA against them. That same day, Defendants also filed a Motion for Judgment on the Pleadings ("MJOP"), which contained this same argument as to Count One. [DE 14].

Plaintiff responded to the MJOP on November 12, 2020. [DE 16]. In Plaintiff's response to the MJOP, Plaintiff sought leave to file an amended complaint which correctly cites the EPSLA instead of the FMLA. *Id*. On November 18, 2020, the Honorable United States District Judge William Dimitrouleas denied Defendants' MJOP and granted Plaintiff leave to file an Amended Complaint. [DE 18]. Later that same day, Plaintiff filed an Amended Complaint. [DE 19]. In this Amended Complaint, Plaintiff removed all mention of the "FMLA," and instead sought damages pursuant to the EPSLA. *Id*.

## **ANALYSIS**

In this case, there is no dispute that Plaintiff's counsel erred when he cited the FMLA in the initial Complaint rather than the EPSLA. The question is, does that mistake merit Rule 11 sanctions? Succinctly stated, the answer is no.

Federal Rule of Civil Procedure 11(b) states in relevant part that, when an attorney presents to the court a pleading, that attorney "certifies that to the best of the person's knowledge,

2

information, and belief, formed after an inquiry reasonable under the circumstances" that the pleading is not being presented for an improper purpose, the claims and legal contentions are supported by existing law or a non-frivolous argument for changing existing law, and the factual conditions have evidentiary support. Fed. R. Civ. P. 11(b). "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Shipping & Transit, LLC v. Demandware, Inc.*, No. 15-80098-CIV, 2015 WL 11438496, at *1 (S.D. Fla. Aug. 4, 2015) (quoting *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (internal quotation marks omitted)). "They may be imposed for the purpose of deterrence, compensation and punishment." *Id.* (internal quotation marks omitted).

"Rule 11 is not a vehicle for a defendant to test its defenses to a claim. It is a device to sanction plaintiffs who assert claims (or defendants who assert defenses) with no legal or factual basis. Fairly debatable legal contentions are beyond Rule 11's reach. Due to both the gravity of the consequences of a Rule 11 motion and the need to not trivialize conduct that truly merits sanctions, Rule 11 motions should be employed sparingly." *O'Boyle v. Sweetapple*, No. 14-CV-81250-KAM/WM, 2016 WL 9559959, at *4 (S.D. Fla. May 17, 2016).

"Rule 11 requires a two-step inquiry: (1) a determination whether the non-moving party's claims are objectively frivolous; and (2) whether the party should have been aware that the claims were frivolous." *Philippeaux v. City of Coral Springs*, No. 19-60617-CV, 2019 WL 10303694, at *9 (S.D. Fla. Oct. 16, 2019), *report and recommendation adopted in part,* No. 19-60617-CIV, 2020 WL 2846531 (S.D. Fla. June 2, 2020) (citing *Adams v. Austal, U.S.A., L.L.C.,* 503 F. App'x 699, 703 (11th Cir. 2013)) ("A court conducts a two-step inquiry when evaluating a motion for Rule 11 sanctions: (1) determining whether the non-moving party's claims are objectively frivolous; and (2) determining whether counsel [or a *pro se* party] should have been aware that

they were frivolous.").

In this case, the Court finds that the initial Complaint filed by Plaintiff's counsel does not materially run afoul of Rule 11. The FFCRA, which contains the EPSLA, became effective only on April 1, 2020, during the start of the COVID-19 pandemic, and mistaken citations thereto are therefore not entirely surprising. Although the Court expects counsel to be diligent and accurate in filing pleadings, simple mistakes do occur at times. This Court does not impose harsh Rule 11 sanctions for simple mistakes by counsel, especially where, as here, Defendants have suffered no prejudice. Plaintiff's incorrect citation to the FMLA in the initial Complaint was corrected when the Amended Complaint cited the EPSLA.

The Court would have expected and preferred this matter to have been amicably resolved by conferral between counsel. Far from frivolous, the mistaken citation in the initial Complaint is a hyper-technical violation that is not cognizable under Rule 11. Clearly, Rule 11 is not a "gotcha rule." Instead, it was designed to sanction lawyers who sign and file patently frivolous pleadings or motions. The Court finds that there was no bad faith or frivolous conduct exhibited by Plaintiff or Plaintiff's counsel in this case. In any event, even if Plaintiff's failure to remedy the mistake within the safe harbor period was arguably a violation of Rule 11, such violation would be hyper-technical, and the Court would decline to award sanctions for such conduct. *See Salazar v. Wells Fargo Bank, N.A.*, 2011 WL 379145, at *4 (S.D. Fla. Feb. 2, 2011) ("The decision is discretionary as Rule 11(c) (1) provides "appropriate" sanctions "may" be imposed."). After considering the docket, filings and the arguments of counsel, the Court finds that Rule 11 sanctions are wholly inappropriate here.

Finally, the Court must also address Defendants' collateral request that the Court defer ruling on the factual (as opposed to legal) portion of their Rule 11 motion until more appropriate

stages later during this litigation. The Court declines to defer ruling on the Motion and denies any fact-based Rule 11 request as premature. The Court does not have an adequate basis to find a fact-based violation of Rule 11 at this time. Moreover, this Court's practice is not to defer or delay rulings unless absolutely necessary, as such delay or deferral can serve to protract or complicate litigation. Defendants may bring any fact-based Rule 11 motion before the Court at the appropriate time, if they can do so in good faith and without Defendants themselves or their counsel violating Rule 11. Accordingly, it is hereby **ORDERED** that Defendants' Motion for Rule 11 Sanctions [DE 15] is **DENIED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th day of January 2021.

.

WILLIAM MATTHEWMAN
United States Magistrate Judge