UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-80993 DIMITROULEAS/MATTHEWMAN

TIMOTHY O'BRYAN,

        Plaintiff,
v.

JOE TAYLOR RESTORATION, INC.,
AARON GETTY, KAREN RADEWICZ,
and GLENDA GALARZA,

        Defendants.
_____/

FILED BY ____KJZ____ D.C.

Feb 18, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANTS' DISCOVERY [DE 31]

**THIS CAUSE** is before the Court on the Plaintiff's Motion to Compel Defendants' Discovery [DE 31]. The Defendants filed a Response in Opposition [DE 32] and Plaintiff filed a Reply [DE 33]. Upon careful review of the Motion, Response, Reply, and the entire docket in this case, the Court finds that the matter is ripe for review without a hearing.

## DISCUSSION

Plaintiff's Amended Complaint [DE 19] alleges that he was unlawfully denied two weeks of paid sick leave under the Emergency Paid Sick Leave Act ("EPSLA"), which was passed by Congress during the COVID-19 pandemic to expand protections for workers who may have been infected with the virus.[1] On November 24, 2020, Plaintiff served upon Defendants a Second Set of Interrogatories (4 in total) and Second Requests for Production (5 in total). The disputes at issue involve Requests for Production ("RFP") numbers 2 through 5 and Interrogatories numbers 2 through 4. Defendants objected to all on relevance and proportionality grounds.

---

[1] *United States v. Crowther*, No. 20-cr-00114, 2021 WL 50481, at *2 (M.D. Fla. Jan. 6, 2021).

1

Plaintiff seeks information related to Defendants' use of Payroll Protection Program ("PPP") funds expended on other employees in Interrogatories number 2 and 4 and RFP 2. Plaintiff argues that the use of PPP funds on other employees could show any of the following three scenarios, all of which the Plaintiff believes are relevant for the issue of liquidated damages: (1) that Defendants willfully chose not to pay employees sick leave, (2) that Defendants paid employees who were seeking leave but chose not to pay Plaintiff, or (3) that Defendants terminated employees who were seeking leave.

Defendants argue that their participation in the PPP program is irrelevant and does not have any impact on whether Plaintiff was eligible for paid sick leave under the EPSLA, a provision of the Families First Coronavirus Response Act ("FFCRA"). After a careful review of the parties' positions, the Court agrees with the Defendants and finds that Defendants' use of PPP funds is not relevant or proportional to the pending claims and defenses per Fed.R.Civ.P. 26(b)(1). To receive "a PPP loan, borrowers must apply to participating private lenders and make several good-faith certifications, including that the loan funds 'will be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments.'" *United States v. Crowther*, No. 20-cr-00114, 2021 WL 50481, at *2 (M.D. Fla. Jan. 6, 2021) (citing 15 U.S.C. § 636(a)(36)(G)(i)). There is no penalty for misuse of PPP funds besides ineligibility for loan forgiveness. *Id.*

On the other hand, the Emergency Paid Sick Leave Act is a provision under the FFCRA "with enforcement provisions tied to the Fair Labor Standards Act." *Thornberry v. Powell Cnty. Det. Ctr.*, No. 20-271, 2020 WL 5647483, at *2 (E.D. Ky. Sept. 22, 2020). PPP loans and eligibility under the EPSLA for sick leave are not mutually exclusive. Defendants are not required to use their PPP loan to pay employees sick leave under the EPSLA. Moreover, even if Defendants used their PPP loan to pay such sick leave, that would have no bearing as to whether Plaintiff was

eligible for the same. The Defendants' use of PPP funds also bears no relevance to the claims or defenses of any party involved in this action. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

Thus, Plaintiff's request for information related to Defendants' use of PPP funds is irrelevant, disproportionate and overbroad. Therefore, Plaintiff's Motion to Compel Interrogatory number 2 and RFP 2 is **due to be denied.** Plaintiff's Motion to Compel Interrogatory number 4 is **due to be denied** to the extent it asks whether PPP funds were expended on sick leave.

However, the remaining matters at issue do not deal with Defendants' use of PPP funds. Interrogatory number 3 asks Defendants to provide names and last known addresses of all employees, aside from Plaintiff, who were terminated between April 1, 2020, and May 31, 2020, including the date of termination and reason for termination. Plaintiff argues that these terminated employees may be potential witnesses to support Plaintiff's claim because Defendants may have similarly denied these employees the same benefits. Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, and whether the burden of the discovery outweighs the likely benefit. *Id*.

It is well established that the courts must employ a liberal standard in keeping with the purpose of the discovery rules. Fed. R. Civ. P. 26(b)(1). Given the broad discovery rules, Interrogatory number 3 is relevant and proportional to the parties' claims and defenses. While Defendants argue that the facts and circumstances of other employees' departures are irrelevant,

the Court finds that this information bears directly on willfulness and damages.

Additionally, Interrogatory number 4 requests from Defendants a list of all employees that either requested a leave of absence or were placed into quarantine through Defendants' Emergency Paid Sick Leave Policy from April 1, 2020, to May 31, 2020, including the dates of leave, reason for leave, and whether PPP funds were used for the leave. As mentioned previously, whether PPP funds were used for the leave is irrelevant to the claims and defenses of the parties. Defendants objected as to relevance and proportionality in regard to the information related to the PPP funds. Yet, Defendants made no argument for why they should not submit a list of all employees that either requested a leave of absence or were placed in quarantine through the applicable policy from April 1, 2020, to May 31, 2020. Defendant simply stated that the information was irrelevant to whether Plaintiff was eligible for sick leave under the EPSLA.

"[T]he burden of showing that the requested discovery is not relevant to the issues in the case is on the party resisting discovery." *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001). Additionally, "boilerplate objections and generalized responses are improper." *Ranger Constr. Indus., Inc. v. Allied World Nat'l Assurance Co.*, No. 17-81226-CIV, 2018 WL 1701913, at *3 (S.D. Fla. Apr. 6, 2018) (citing *Alvar v. No Pressure Roof Cleaning, LLC*, No. 17-80725-CV, 2018 WL 1187777, at *2 (S.D. Fla. Mar. 7, 2018); *Sream, Inc. v. Hassan Hakim & Sarwar, Inc.*, No. 16-CV-81600, 2017 WL 878704, at *1 (S.D. Fla. Mar. 6, 2017)). Defendants fail to explain why Plaintiff's discovery of other employees who were placed into quarantine through the same Emergency Sick Leave Policy as Plaintiff would be irrelevant to Plaintiff's claims. In fact, this information is directly relevant and proportional to Plaintiff's claim of eligibility under the EPSLA and whether Plaintiff was unlawfully denied sick leave. The information of other employees could provide Plaintiff with

further information on willfulness and whether other employees were treated similarly to Plaintiff.

RFPs 3 through 5 seek "JTR Manager Checklist documentation" for any employees who were terminated or who resigned from April 1, 2020, to May 31, 2020. RFP 5 specifically asks for documentation related to the end of Stanley Silva's employment. Stanley Silva is a former employee of Defendants who was not provided paid sick leave and was terminated on the same day as Plaintiff. Plaintiff argues that documentation for both terminations and resignations are relevant because Defendants attempted to avoid liability by claiming that both Plaintiff and Mr. Silva resigned, even though there is evidence of their termination. *See* DE 31-3. Plaintiff further argues that evidence of Defendants' failure to pay sick leave benefits to other employees, as well as Plaintiff, could support Plaintiff's claim that Defendants willfully denied Plaintiff sick leave. Additionally, Plaintiff argues that if Defendants did pay out sick leave benefits to other employees, it would support Plaintiff's position that he is also entitled to such benefits. Plaintiff also claims that former employees that were either terminated or resigned may be potential witnesses to support Plaintiff's claim of an unlawful denial of benefits.

Defendants argue that whether or not other employees were paid emergency sick leave would make no difference as to whether Plaintiff was eligible for the same. Defendants further argue that the information surrounding other employees' departures would not change the fact that Plaintiff was dishonest, and testified about such dishonesty, when he lied about being subject to a federal, state or local quarantine order related to COVID-19. *See* DE 32-1; DE 32-3. Thus, Defendants object as to relevance and proportionality.

The Court finds that RFPs 3 through 5 seek relevant and proportional documents under Fed. R. Civ. P. 26(b)(1). Since Defendants previously claimed that Plaintiff resigned, even though there is evidence to the contrary, both resignations and terminations may provide relevant

5

documentation. *See* DE 31-3. Moreover, considering the fact that Defendants argue that Plaintiff was ineligible for paid sick leave because he lied about his circumstances, other employees' documentation surrounding their requests for paid leave would be directly relevant. The documentation surrounding other employees' departures could demonstrate whether other employees received the same treatment after requesting paid sick leave. Furthermore, the information related to Mr. Silva may be relevant to Plaintiff's termination and denial of benefits because Mr. Silva was terminated on the same day and for the same reasons as Plaintiff.

Based on the foregoing, the Plaintiff's Motion to Compel Defendant's Discovery [DE 31] is **DENIED** as to Interrogatory number 2 and RFP 2. Plaintiff's Motion to Compel Interrogatory number 4 is **DENIED IN PART**, denying the portion of the question related to whether PPP funds were used for the leave. Further, the remainder of Plaintiff's Motion [DE 31], concerning RFPs 3 through 5, is **GRANTED**. Plaintiff's Motion to Compel Interrogatory number 4 is **GRANTED IN PART.** Defendants shall serve supplemental interrogatory responses and supplemental responses to the requests for production, and produce all non-privileged responsive documents, in accordance with this Order, on or before February 26, 2021.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of February 2021.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge