UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-80993-WPD

TIMOTHY O'BRYAN

    Plaintiff,

vs.

JOE TAYLOR RESTORATION, INC., a Florida
Corporation, AARON GETTY, individually,
KAREN RADEWICZ, individually, and
GLENDA GALARZA, individually,

    Defendants.
_____/

**DEFENDANTS' MOTION TO TAX COSTS UNDER 28 U.S.C. § 1920
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, JOE TAYLOR RESTORATION, a Florida for profit corporation ("JTR"), AARON GETTY, individually, KAREN RADEWICZ, individually, and GLENDA GALARZA, individually (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 54, 28 U.S.C. §1920 and S.D. Fla. 7.3(a) and (c), hereby file their motion to tax costs under 28 U.S.C. § 1920 and incorporated memorandum of law, and as grounds therefor, state as follows:

    1.    Plaintiff filed his operative amended complaint on November 18, 2020, suing Defendants for allegedly unpaid sick leave time under the Emergency Paid Sick Leave Act. *See* ECF No. 19.

    2.    On June 10, 2021, a jury returned a verdict in favor of Defendants. ECF No. 78. The Court entered final judgment in favor of Defendants the next day, on June 11, 2021. ECF No. 82.

3. Defendants are prevailing parties in this suit as they received a favorable verdict, and Plaintiff recovered nothing in this action.

4. As the prevailing parties, Defendants are entitled to reasonable costs incurred in the defense of this lawsuit, permitted by 28 U.S.C. § 1920.

5. Defendants incurred $7,095.81 in taxable costs in the defense of this suit. These include private process server fees, fees and disbursements for printing, and fees for exemplification and the costs of making copies of materials, which copies were necessarily obtained for use in the case. The costs expended in this case were reasonably and necessarily incurred in protecting Defendants' interests. The costs expended are reflected in this Bill of Costs which has been filed with the Court on Form AO 133. *See* Bill of Costs filed concurrently herewith as Exhibit A.

## **MEMORANDUM OF LAW**

A prevailing party is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.*, 298 F.3d 1238, 1248 (11th Cir. 2002).

Under 28 U.S.C. §1920 and Rule 54 of the Federal Rules of Civil Procedure, a prevailing party is entitled to court costs for "(1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation

services under section 1828 of this title." *See* 28 U.S.C. §1920.

"A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute." See *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328 (S.D. Fla. 2009). The burden of challenging whether costs are taxable falls upon the non-prevailing party. *Id*., citing *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). If a case is litigated to judgment on the merits in favor of the defendant, the defendant is the prevailing party. *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005).

### A. *Private process server fees (not exceeding the Marshal's fee)*

Although section 1920 only refers to "[f]ees of the clerk and marshal," courts have held this section permits taxation of subpoena fees charged by a private process server if the rates do not exceed the fees of U.S. Marshals to effectuate service. *See Monelus*, 609 F. Supp. 2d at 1334; *EEOC v. W & O, Inc.,* 213 F.3d 600, 623-24 (11th Cir. 2000). Where the invoices do not reflect the time spent by private process servers, the service fees are recoverable at an amount up to $65 per subpoena. *Id*.; *see Small v. Ford Motor Co.*, 2015 WL 203178 at *2 (S.D. Fla. Jan. 14, 2015) (permitting a recovery up to $65 per subpoena for service of subpoenas).

Here, Defendants seek to recover private process server fees not exceeding $65 per subpoena for the service of three (3) subpoenas issued to Dr. Jack Newcomer (once in connection with a notice of non-party production, once for deposition, and once for trial). Defendants also seek to recover private process server fees not exceeding $65 per subpoena for the service of its trial subpoena on Plaintiff. Defendants' private process server fees were lower than the rates used by the U.S. Marshal's office at $40 per subpoena. Defendants request **$160.00** for the 4 subpoenas served throughout litigation.

### B. *Fees for printed or electronically recorded transcripts necessarily obtained for use in the case*

Deposition transcripts are taxable costs under 28 U.S.C. § 1920. *W & O, Inc.,* 213 F.3d at 620 (11th Cir. 2000); *Equal Employment Opportunity Comm'n v. Doherty Group, Inc.*, 2020 WL 8181630, at *3 (S.D. Fla. Dec. 29, 2020), *report and recommendation adopted sub nom. Equal Employment Opportunity Comm'n v. Doherty Enterprises, Inc.*, 2021 WL 148734 (S.D. Fla. Jan. 15, 2021). A court may tax costs "associated with the depositions submitted by the parties in support of their summary judgment motions." *Monelus*, 609 F. Supp. 2d at 1337 (S.D. Fla. 2009). Transcripts are "necessarily obtained" for use in the case where testimony was needed for impeachment at trial, the deponent was on the other party's trial witness list, or the deposition was "necessary to the issues when taken, even if use of a deposition is minimal or not critical to that party's ultimate success. *Procaps S.A. v. Patheon, Inc*., 2016 WL 411017 at *3 (S.D. Fla. Feb. 2, 2016); *Belniak v. Florida Highway Patrol*, 2014 WL 12650628, at *2 (M.D. Fla. May 7, 2014), *report and recommendation adopted*, 2014 WL 12650674 (M.D. Fla. June 3, 2014) ("Generally, taxation of deposition costs of witnesses who were listed on the losing party's witness list is reasonable "because the listing of those witnesses indicated both that the [opposing party] might need the deposition transcript to cross-examine the witnesses" and that the information those people had was discoverable."). Further, "obtaining deposition transcripts for use during discovery may be taxable as long as it is necessary to the issues in the case when the deposition was taken." *Id*. at 1337. The non-prevailing party bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition. *Monelus*, 609 F. Supp. 2d at 1337.

Defendants incurred court reporter fees and costs for obtaining the deposition transcripts

of Timothy O'Bryan and Dr. Jack Newcomer. Defendants also incurred costs for obtaining *copies* of the deposition transcripts of the individual defendants, Aaron Getty, Glenda Galarza, and Karen Radewicz, which were taken at Plaintiff's insistence. And Defendants also incurred costs for obtaining the deposition transcript of Stuart Rosenfeldt, who Plaintiff also deposed (and attempted to call at trial). The propriety of each deposition transcript is briefly explained below.

- Timothy O'Bryan – the necessity for Plaintiff's deposition is prescient and obvious.

- Aaron Getty – the necessity for a named Defendant's deposition is prescient and obvious. Moreover, he was called at trial by Plaintiff as a witness, and his deposition transcript was used by both parties in their respective examinations.

- Glenda Galarza and Karen Radewicz – same analysis as Aaron Getty

- Dr. Jack Newcomer – Plaintiff's treating physician who was initially disclosed as a person with knowledge of the allegations. Dr. Newcomer was an essential part of Defendants' defense, as his progress notes indicated unequivocally that he did not order Plaintiff to quarantine at any point. His testimony and records produced were cited extensively in Defendants' summary judgment motion, and his records were admitted into evidence at trial (and also were used as demonstrative aids during Defendants' closing argument). Although he was subpoenaed for trial, Defendants ultimately determined it was not necessary to call Dr. Newcomer as a witness.

- Stuart Rosenfeldt – an HR and labor consultant for Defendants. Rosenfeldt's deposition was taken at Plaintiff's insistence. Rosenfeldt was also proffered as a witness by Plaintiff at trial. The costs of his deposition transcript were necessary in that Defendants needed to prepare for him to be called as a witness, despite Defendants' argument he was irrelevant to the issues in this matter, and the fact he ultimately was not called due to Defendants' stipulation in connection with the alleged testimony on which Mr. Rosenfeldt was supposedly being called to

testify.

For convenience purposes, Defendants have prepared this deposition chart.

| **Deponent** | **Appears on Plaintiff's Initial Disclosures List** | **Appears on Plaintiff's Trial Witness List** | **Used In Defendant's Summary Judgment Motion** | **Subpoenaed or Called to Testify at Trial** |
|---|---|---|---|---|
| T. O'Bryan | X | X | X | X |
| A. Getty | X | X |   | X |
| G. Galarza | X | X | X | X |
| K. Radewicz | X | X |   | X |
| Dr. Newcomer | X | X | X | X |
| S. Rosenfeldt |   | X |   | X |

Defendants paid court reporter fees for copies of the transcripts of all depositions taken in this case for their use in further discovery, pretrial motions, including their motion for summary judgment, and for use at trial. Many of the above transcripts were cited in Defendants' Motion for Summary Judgment or Reply to Plaintiff's Response to same. Each deposition transcript ordered was for a witness who was actually called to testify at trial, was proffered as a witness, or was subpoenaed for trial. Further, with respect to Rosenfeldt's deposition, if a deposition was taken by the non-prevailing party, the prevailing party "may recover the costs associated with obtaining a copy of a deposition transcript." *Procaps*, 2016 WL 411017 at *3.

The total amount claimed for court reporter fees and deposition transcripts in this matter is **$2,432.30**.

### *C.     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.*

Costs of making copies and fees for exemplification are taxable under Section 1920(4). Recoverable costs under Section 1920(4) are those "necessary to duplicate an electronic document in as faithful and complete a manner as required by rule, by court order, by agreement of the parties, or otherwise." *CBT Flint Partners, LLC v. Return Path., Inc.*, 737 F.3d 1320, 1328 (Fed. Cir. 2013). Copies of oversize documents are taxable. *Arcadian Fertilizer, L.P. v. MPW Indus. Svcs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

In this case, Defendants incurred costs in preparing oversized documents for use at closing argument. The Eleventh Circuit has held that under § 1920, a party is entitled to recover fees for making copies of any materials where the copies are necessarily obtained for use in the case. Here, Defendants had oversized displays of certain key emails between Plaintiff and Defendants, as well as two progress notes from Dr. Newcomer, highlighted and enhanced for the jury's review during closing arguments. These oversized displays were on evidence that was admitted without objection at trial and discussed extensively on examinations of Plaintiff and the named Defendants.

Additionally, Defendants prepared a demonstrative aid which was used during closing arguments: a timeline of events. As to the demonstrative aid used at trial, the Eleventh Circuit specifically has held:

> 28 U.S.C. 1920(4) allows "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). For costs to be taxed under § 1920(4), an item must fit within either the category "copies of paper" or the category "exemplification." We read "copies of paper" to mean reproductions involving paper in its various forms and conclude that because oversize documents and color photographs are capable of this characterization, taxation of these costs was not error.

*Arcadian Fertilizer*, 249 F.3d at 1296.[1] The timeline was necessarily prepared for use in this case because it referenced the key dates in both Plaintiff's and Defendants' testimonies. The costs incurred for producing both the oversized documents and demonstrative aid are **$3,826.75**.

Further, costs of copies of pleadings, correspondence, documents tendered to the opposing party and documents prepared for the court's consideration are recoverable." *Procaps*, 2016 WL 411017, at *6 (S.D. Fla. Feb. 2, 2016). This includes the "costs associated with copying documents for the purpose of providing them to the court," and "copies produced to opposing counsel." *Id.*, citing *Monelus*, 609 F. Supp. 2d at 1335. Defendants seek to recover the costs of providing a paper copy of the Exhibit Notebook provided to the Court and to opposing counsel at trial, as well as two copies of the Exhibit Notebook and Trial Notebook for its own use during trial (one for undersigned and one for his associate). Defendants represent the digital versions of the Exhibit Notebook totals 201 pages and the Trial Notebook totals 412 pages, all of which are documents which were used for the purposes of discovery, for the preparation of trial, and to generally advance the case towards resolution.[2] See *Procaps*, 2016 WL 411017, at *6. And the digital versions necessarily exclude the cost for binders, tabs, and any other ease of use features. Because "rates between $0.10 and $0.25 per page are recoverable," *see id.*, Defendants seek reimbursement at a

---

[1]   *Arcadian Fertilizer* is somewhat outmoded. In 2008, Congress amended § 1920(4) "by striking 'copies of papers' and inserting 'the costs of making copies of any materials where the copies are[.]" *Powell v. The Home Depot, U.S.A., Inc.*, 2010 WL 4116488, at *19 (S.D. Fla. Sept. 14, 2010), *report and recommendation adopted*, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010); *Durden v. Citicorp Trust Bank, FSB*, 2010 WL 2105921, at *4 (M.D. Fla. Apr. 26, 2010). The current version of § 1920(4) now allows taxation of costs for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[,]" which includes a demonstrative aid.

[2]   Defendants attach the respective Tables of Contents of the Exhibit and Trial Notebooks as support for these recoverable costs. See Exhibits B & C. If necessary, Defendants have no objection to filing the pdf versions of the printed documents.

rate of $0.17 cents per page. This would total **$140.08** (for two Trial Notebooks) and **$136.68** (for four Exhibit Notebooks), for a total of **$276.76** for the costs of these in-house copies.

The total amount of claimed for copies and exemplification in this matter is **$4,103.51** [$3,826.75 + $276.76].

### D. Fees for witnesses

Costs of witness appearances at deposition are taxable under Section 1920(3). Defendants were charged $400.00 by Dr. Newcomer for his appearance at deposition, which he was paid. The costs incurred for Dr. Newcomer's deposition are **$400.00**.

### CONCLUSION

WHEREFORE, Defendants, JOE TAYLOR RESTORATION, a Florida for profit corporation ("JTR"), AARON GETTY, individually, KAREN RADEWICZ, individually, and GLENDA GALARZA, individually, respectfully request this Court enter an Order of taxable costs of **$7,095.81** in favor of Defendants, and entering any further relief deemed just and proper.

### CERTIFICATE OF PRE-FILING GOOD FAITH CONFERENCE

Pursuant to S.D. Local Rules 7.1(a)(3) and 7.3, Defendants' counsel conferred with Plaintiffs' counsel on July 9, 2021, to discuss costs, as required by the local rules, by sending him a finalized version of this motion. Counsel for Plaintiffs did not respond to Defendants' conferral.

Dated:  July 12, 2021  
        Boca Raton, FL

Respectfully submitted,

**Daniel R. Levine**  
DANIEL R. LEVINE, ESQ.  
Florida Bar No. 0057861  
E-mail:  DRL@PBL-Law.com  
PADULA BENNARDO LEVINE, LLP  
3837 NW Boca Raton Blvd., Suite 200  
Boca Raton, FL   33431  
Telephone:    (561) 544-8900  
Facsimile:    (561) 544-8999  
Attorneys for Defendants