# EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-80993-WPD

TIMOTHY O'BRYAN

     Plaintiff,

vs.

JOE TAYLOR RESTORATION, INC., a Florida
Corporation, AARON GETTY, individually,
KAREN RADEWICZ, individually, and
GLENDA GALARZA, individually,

     Defendants.

_____/

**DECLARATION OF DANIEL R. LEVINE**
**REGARDING REASONABLE ATTORNEYS' FEES**

1.     My name is Daniel R. Levine.

2.     This affidavit is based upon my own personal knowledge.

3.     I am the lead attorney for Defendants in this matter.

4.     I am a Florida Bar *Board-Certified Specialist* in Labor and Employment Law, concentrating my practice on the representation of businesses before federal and state courts, as well as governmental administrative agencies, in connection with the defense of claims involving wage and hour violations, such as unpaid overtime compensation and minimum wages; discrimination on the basis of race, national origin, religion, gender, including pregnancy and sexual harassment, age, and disability; retaliation; the Family and Medical Leave Act; whistle-blowing violations; unfair competition, non-compete agreements and trade secret violations; and employment contract/severance agreements. I also provide services related to general labor and human resource counseling; human resource audits; drafting and/or review of employee

handbooks, personnel policy manuals and job classification descriptions; drafting and/or review of employment and independent contractor agreements; sexual harassment and EEO training; and severance package negotiations.

5.      I received my B.A. degree in 1992 from the University of Florida, and my J.D. degree, *cum laude*, in 1995 from the University of Miami School of Law. At the University of Miami School of Law, my core curriculum centered around labor and employment law, including courses in traditional labor law, employment law, employment discrimination, ERISA and civil rights.

6.      I have been licensed to practice law in the state of Florida since 1995 and have practiced exclusively in the area of labor and employment law since that time. Since 2002 I have been designated by the Florida Bar as a *Board-Certified Specialist* in Labor and Employment Law.

7.      I am admitted to practice before all state courts in Florida. Additionally, I am admitted to practice before the United States Supreme Court, the United States Court of Appeals, Eleventh Circuit, and the United States District Court, Southern, Middle and Northern Districts of Florida.

8.      In previous years since 2012, I have been recognized as a "Top Lawyer" by the South Florida Legal Guide, having been previously recognized as a "Top Up and Comer" from 2008 to 2011. Additionally, in previous years since 2011, I have been recognized as a "Super Lawyer" by the Florida Super Lawyers magazine.

9.      I am a member in good standing of the Florida Bar, Labor and Employment Law section, serving, in the past, on the Executive Committee. I have appeared as a guest speaker on numerous occasions at the annual Labor and Employment Law Certification Review Seminar. I also have spoken at several CLE labor and employment law seminars.

10.     I am a past President of the Federal Bar Association, Broward County Chapter, and for many years after, a member of the Chapter's Executive Board. I also have served as a past co-chair for the South Palm Beach County Bar Association's Labor and Employment Law committee.

11.     I also have served as an adjunct professor for Florida International University in connection with a program it sponsored in the area of human resources certification and training, as well as an adjunct professor at Lynn University, teaching a masters level course in human resources, including a major focus on wage and hour issues.

12.     I am also a Florida Bar Certified Civil Circuit Mediator, Federal Court Mediator and Qualified Arbitrator, listed on the National Roster of Employment Law Arbitrators by the American Arbitration Association.

13.     A true and accurate copy of my current CV is attached hereto as Exhibit "1".

14.     I am a founding partner of the Boca Raton law firm Padula Bennardo Levine, LLP.

15.     Defendants retained my law firm, and specifically me, to represent him in this case. Joe Taylor Restoration has been a client of my firm for many years.

16.     My normal and customary hourly rate is $450.00 per hour. I believe this reflects a fair market value of my reputation in this practice area, my skills as a labor and employment law attorney (most notably, my Board Certification in this area of practice) and my experience (25+ years).

17.     Attached hereto as Exhibit "E" to the motion for attorney's fees and costs is a summary of services rendered to Defendants in resolving this matter. Briefly, from this case's inception on June 23, 2020, to its resolution on or about June 11, 2021, I billed a total of 160 hours on this matter, representing a total of $72,000.00.  My associate, Alex B.C. Ershock, billed at $300.00 per hour for a total of 196.40 hours on this matter, representing a total of $58,920.00.  My

paralegal, Alicia Kendrick, billed at $125.00 per hour for a total of 22.10 hours on this matter, representing a total of $2,762.50.

18.     Undersigned believes the hourly rates are reasonable. I am a Board-Certified Labor and Employment attorney with over 25 years of experience who practices exclusively in labor and employment law. I was recently awarded my currently requested rate of $450/hr. by Judge Ruiz. See ECF No. 44 in *Granados v. Palm Coast Building Maintenance*, Case No. 20-cv-81917-RAR, attached as Exhibit "2." Further, this Court, and other federal courts, have awarded similar fees for counsel with approximately the same level of experience and certification as me. See *Holland v. Westside Sportsbar & Lounge, Inc.*, 2021 WL 1819332, at *2 (M.D. Fla. Jan. 25, 2021), *report and recommendation adopted as modified*, 6:19-CV-945-CEM-GJK, 2021 WL 1818054 (M.D. Fla. Feb. 12, 2021) (awarding Board-Certified labor and employment attorney with 23 years of experience $425/hr.); *Hamilton v. Sheridan Healthcare., Inc.*, 2015 WL 13540999, at *4 (S.D. Fla. Dec. 23, 2015), *report and recommendation adopted sub nom. Hamilton v. Sheridan Healthcare, Inc.*, 13-62008-CIV, 2016 WL 9444229 (S.D. Fla. Jan. 14, 2016), *aff'd sub nom. Hamilton v. Sheridan Healthcorp, Inc.*, 700 Fed. Appx. 883 (11th Cir. 2017) (awarding Board-Certified labor and employment attorney with 28 years of experience $475/hr).

19.     Mr. Ershock's hourly rate is reasonable. He has nearly 9 years of experience practicing law, particularly in the area of defense litigation. In the same award from Judge Ruiz, he was awarded $300/hr. See Ex. "2." Further, this Court has awarded similar fees for counsel with similar experience. See ECF No. 31 in *Alarcon v. J & J, Inc.*, Case No. 9-62562-CIV-COHN/STRAUSS (S.D. Fla. October 19, 2020) (awarding attorneys with 7-9 years of experience $350/hr.), attached as Exhibit "3"; *Tillman v. Advanced Pub. Safety, Inc.*, 15-CV-81782, 2018 WL 5768570, at *4 (S.D. Fla. Nov. 2, 2018), *report and recommendation adopted*, 15-81782-CIV,

2018 WL 6424899 (S.D. Fla. Nov. 21, 2018) (awarding attorney with 8 years of experience $375/hr.). The rate requested here is below both of these awarded rates.

20.     Ms. Kendrick's hourly rate is more than reasonable, and far below market. See *Tillman* (awarding paralegal with 30+ years of experience $175/hr).

21.     Undersigned counsel believes the hours expended on this case are reasonable. The case was contested all the way through trial. It involved multiple depositions, including one of each Defendant and the Plaintiff. A dispositive motion was filed and fully briefed. Some discovery skirmishes were adjudicated.

22.     The time expenditures on this matter were also reasonable because Plaintiff and his counsel did not litigate the matter in good faith. On or about May 22, 2020, *prior to this case being filed*, Defendants sent a very detailed correspondence to Plaintiff's counsel, arguing many of the same points that would eventually be argued *again* at summary judgment and at trial. Moreover, on October 12, 2020, Defendants provided Plaintiff's counsel with subpoenaed records from Plaintiff's treating physician. Importantly, Plaintiff's counsel acknowledged this was the first time he himself even had reviewed Dr. Newcomer's records, confirming his failure to investigate these same records pre-suit. Simply due to the content of the doctor's notes, Plaintiff should have abandoned his claims at that point, and indeed, did dismiss Count II of the initially filed complaint after service of a Rule 11 sanctions motion.

23.     Both Mr. Ershock and Ms. Kendrick performed legal services per my direction as the lead attorney. Moreover, as the managing partner for my firm, I have experience in reviewing time records and hourly rates for the clients we represent and adjusting what Mr. Ershock (or any of my other previous associates) and Ms. Kendrick bill on a routine basis.

24.     Therefore, the requested fees in the amount of $126,807.50 are reasonable.

| Timekeeper | Hourly Rate | Number of Hours | Total Fees Charged |
|---|---|---|---|
| Daniel R. Levine | $450.00 | 160.00 | $   72,000.00 |
| Alex B.C. Ershock | $300.00 | 196.40 | $   53,145.00 |
| Alicia Kendrick | $125.00 | 22.10 | $   2,762.50 |
| TOTAL | | 378.50 | $   126,807.50[1] |

Pursuant to 28 U.S.C. § 1746, I hereby declare that the foregoing is true and correct.

_____
DANIEL R. LEVINE, ESQ.

---

[1]      This total reflects a slightly *discounted* total from that which actually was recorded, as the Defendants were extended certain billing courtesies. Additionally, not reflected in the billing records is another approximate $10,000.00 written off and not billed to Defendants. Thus, Defendants are seeking reimbursement of only that which was actually paid.

# EXHIBIT "1"

**DANIEL R. LEVINE, ESQ.**
PADULA BENNARDO LEVINE LLP
3837 NW Boca Raton Blvd., Ste. 200
Boca Raton, Florida  33431
(561) 544-8900 - Telephone
(561) 544-8999 - Facsimile
E-Mail: drl@pbl-law.com
Web Site: www.pbl-law.com

**EDUCATION**

**UNIVERSITY OF MIAMI SCHOOL OF LAW**                    CORAL GABLES, FLORIDA
Juris Doctor *cum laude* received May 1995
Concentration:  Labor and Employment Law, including courses in traditional labor law,
  employment law, ERISA, civil rights and employment discrimination
*University of Miami Inter-American Law Review*
  Articles and Comments Editor (1994-95)
Phi Delta Phi Legal Fraternity
Dean's List

**UNIVERSITY OF FLORIDA**                    GAINESVILLE, FLORIDA
Bachelor of Arts received May 1992
Major:  English
Dean's List
Sigma Alpha Mu Fraternity
  Executive Council (1990-91)
  American Heart Association Philanthropy Chairman (1991)

**LEGAL EXPERIENCE**

    * *Florida Bar Board Certified Specialist – Labor and Employment Law*
    * *Certified Federal Court Mediator*
    * *Certified Circuit Civil Mediator*
    * *Florida Supreme Court Qualified Arbitrator*
    * *National Roster of Arbitrators and Mediators, American Arbitration Association*

**PADULA BENNARDO LEVINE LLP**                    BOCA RATON, FLORIDA
July 1, 2016 - Present
Founding Partner

**BENNARDO LEVINE LLP**                    BOCA RATON, FLORIDA
August 1, 2013 - June 30, 2016
Founding Partner

**SHAPIRO, BLASI, WASSERMAN & GORA, P.A.**                    BOCA RATON, FLORIDA
January 1, 2003 - July 31, 2013
Shareholder

**MUCHNICK, WASSERMAN, JAFFE & LEVINE, LLP**                    HOLLYWOOD, FLORIDA
May 1995-December 31, 2002
Partner

**THE HONORABLE MARIA M. KORVICK**                          MIAMI, FLORIDA
Circuit Judge, Eleventh Judicial Circuit of Florida
Summer 1993
Legal Intern

## RELATED EXPERIENCE

**LYNN UNIVERSITY**                                      BOCA RATON, FLORIDA
2013
Adjunct Professor – Managing Human Resources

**FLORIDA INTERNATIONAL UNIVERSITY**                        MIAMI, FLORIDA
2001- 2002
Adjunct Professor – Legal Issues (Human Resources Certification course)

## AFFILIATIONS

Federal Bar Association, Broward County Chapter
 President, 2003-04
 Member, Executive Committee, 2000-2015

Florida Bar Association, Labor and Employment Law Section
 Member, Executive Committee, 2010-2012

Broward County Bar Association, Labor and Employment Law Section

South Palm Beach County Bar Association
 Co-Chair, Labor and Employment Law Committee, 2018 –
 Member, Labor and Employment Law Committee, 2011

Greater Boca Raton Chamber of Commerce
 Leadership Boca 2004, Chair
 Leadership Boca 2003, Co-Chair
 Leadership Boca 2002, Graduate

## PUBLICATIONS

*Baiton v. Carnival Cruise Lines: An Important Decision in the Evolution of Florida's Whistle-Blower's Act*, 70 FLA. BAR J. 59 (May 1996)

***Admitted to practice in all courts in the State of Florida, United States Supreme Court, United States Court of Appeals, Eleventh Circuit, and United States District Court, Southern and Middle Districts of Florida***

# EXHIBIT "2"

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-CV-81917-RAR

**MARIA GRANADOS, JUANA GRANADOS,**
**JULIA M. GRANADOS-SANTOS**, and other
similarly situated individuals,

       Plaintiffs,

v.

**PALM COAST BUILDING MAINTENANCE, INC**.,
and **DARYL CRUPI**,

       Defendants.

_____/

### ORDER AWARDING ATTORNEY'S FEES PURSUANT TO RULE 16(F)

**THIS CAUSE** comes before the Court on Defendants' Affidavit of Reasonable

Attorneys' Fees ("Affidavit") [ECF No. 43-1].  On January 26, 2021, this Court entered an

Omnibus Order [ECF No. 42] granting Defendants' Motion for Sanctions pursuant to Rule 16(f)

[ECF No. 34] and ordering Plaintiffs to pay Defendants' reasonable expenses incurred as a result

of Plaintiffs' failure to appear at the settlement conference on January 11, 2021 [ECF No. 20].

*See* Omnibus Order [ECF No. 42] at 8.  The Omnibus Order also required Defendants to provide

the Court with relevant time records and an accompanying affidavit substantiating their request

for attorney's fees.  *Id.*  On January 29, 2021, Defendants filed the instant Affidavit.

In determining whether requested attorney's fees are reasonable, the Court considers the

following factors:

    1)  the time and labor required;
    2)  the novelty and difficulty of the questions;
    3)  the skill requisite to perform the legal service properly;
    4)  the preclusion of other employment by the attorney due to the
        acceptance of the case;
    5)  the customary fee;
    6)  whether the fee is fixed or contingent;

7) time limitations imposed by the client or the circumstances;
8) the amount involved and the results obtained;
9) the experience, reputation and ability of the attorneys;
10) the "undesirability" of the case;
11) the nature and length of the professional relationship with the client; and
12) awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted).

With respect to the factors elucidated in *Farley*, the Court finds the requested sum reasonable. The Court has carefully reviewed the Affidavit and accompanying exhibits. The total time incurred in connection with the settlement conference, 8.3 hours, is reasonable. Additionally, the hourly rates for Mr. Levine ($450/hour) and Mr. Ershock ($300/hour), who collectively have over 30 years of experience, is not excessive. *See James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1350 (S.D. Fla. 2007) (finding $450 was a reasonable hourly rate for attorneys who had over 10 and 25 years of experience, respectively, in the practice of labor and employment law). Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.      Defendants shall take from Plaintiffs the sum of $3,110.00, which is comprised of attorney's fees incurred in connection with the settlement conference Plaintiffs failed to attend, for which sum let execution issue.

2.      Each Plaintiff shall complete and return a Form 1.977 Fact Information Sheet to Defendants' counsel within 30 days of Defendants' service of same by U.S. Mail or e-mail.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 4th day of February, 2021.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT "3"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62562-CIV-COHN/STRAUSS

LEDVIN ALARCON,

     Plaintiff,

v.

J & J, INC. d/b/a EAGLE PAINTING,
a Florida corporation, and
JOHN H. FIELD, individually,

     Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR COSTS AND
GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS'
<u>FEES AND TO TAX COSTS</u>**

     **THIS CAUSE** is before the Court on Plaintiff's Motion in Support of Bill of Costs

[DE 16] and Verified Motion for Attorneys' Fees and to Tax Costs [DE 20] ("Motions").

The Court has considered the Motions, Defendant's Response [DE 24], Plaintiff's Reply

[DE 30], and the record in this case, and is otherwise advised in the premises.

  **I. Background**

     J & J, Inc., doing business as Eagle Painting, is a residential and commercial

painting company owned and operated by John Field ("Defendant").  Ledvin Alarcon

("Plaintiff") worked as a painter for Defendant from 2005-2018.  In 2019, Plaintiff filed

suit against Defendant for unpaid wages pursuant to the Fair Labor Standards Act, 29

U.S.C. §§ 201 *et seq.* ("FLSA").  <u>See</u> <u>Garcia v. J & J, Inc., et al.</u>, Case No. 0:19-60728-

CIV (S.D. Fla.).  The present suit was filed on October 15, 2019, alleging retaliation

pursuant to § 15(a)(3), the anti-retaliation provision of the FLSA.  DE 1, 9.  Eight months

after filing, Plaintiff filed a Joint Notice of Settlement and Voluntary Dismissal with

Prejudice.  DE 14.  The Court entered an Order of Dismissal and reserved jurisdiction to

decide the issue of attorneys' fees and costs to be awarded to Plaintiff, if any.  DE 15.

    In the present Motions, Plaintiff seeks a total of $11,035.00 in costs and fees.

This includes $10,635.00 in attorneys' and paralegal fees for 28.9 hours of work[1] and

$400 in taxable costs.

## II. Discussion

### A. Attorneys' Fees

    Under the "American Rule" the parties to any legal action are responsible for their

own attorneys' fees unless a statute or contract provides otherwise.  James v. Wash

Depot Holdings, Inc., 489 F. Supp. 2d 1341, 1345-46 (S.D. Fla. 2007) (citing Alyeska

Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)).  Under the FLSA,

"[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or

plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the

action."  29 U.S.C. § 216(b).  The parties do not dispute that Plaintiff, having received

$4,000 in the settlement, is the prevailing party.  But Defendant argues that because

this case was "entirely unnecessary (and filed in bad faith)," the Court should award no

attorneys' fees or costs.[2]  DE 24 at 2.  The Court rejects this, as "a prevailing party is

entitled to an award of reasonable attorney's fees" and "awarding attorneys' fees is

mandatory under FLSA."  Valley v. Ocean Sky Limo, 82 F. Supp. 3d 1321, 1326 (S.D.

Fla. 2015); DeMore v. Klone Enter., 2018 WL 2208370, at *1 (S.D. Fla. Apr. 13, 2018).

---

[1] This is the total of the fees and hours requested in the Motion, DE 20, ($7,595 for 21.3 hours) and in the Reply, DE 30 ($3,040 for 7.6 hours).

[2] Plaintiff argues that because Defendant failed to object to the drafts of the Motions in compliance with Local Rule 7.3(b) it waived its right to oppose them.  DE 20 at 1.  Strict compliance with the Local Rules is always preferred, but the Court has discretion to determine if non-compliance warrants the granting of all requested costs and fees.  See Maale v. Kirchgessner, 2011 WL 1549058, at *5 (S.D. Fla. Apr. 22, 2011).

Alternatively, Defendant proposes an award of $2,630 for 11.3 hours of work, as opposed to the requested $10,635 for 28.9 hours of work.  DE 24 at 18.  The undersigned finds that reasonableness lies somewhere between each party's position.

### 1. The "Lodestar" Method of Calculating Attorneys' Fees

Courts in the Eleventh Circuit use the "lodestar" approach to calculate reasonable attorneys' fees.  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988).  Under this approach, attorneys' fees are computed by multiplying a reasonable hourly rate by the number of hours an attorney reasonably expended on the relevant litigation.  Id.  The applicant party bears the burden of showing both that the requested hourly rate is reasonable and that the number of hours spent litigating are not excessive.  See Azam-Qureshi v. The Colony Hotel, Inc., 540 F. Supp. 2d 1293, 1297 (S.D. Fla. 2008) (citing ACLU of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999)).  Ultimately, though, determining the amount of attorneys' fees to award is an exercise of a court's discretion.  See James, 489 F. Supp. 2d at 1346 (citing Norman, 836 F.2d at 1301).

### 2. Reasonable Hourly Rate

The Eleventh Circuit has defined a reasonable hourly rate as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299).  The party seeking attorneys' fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates."  Norman, 836 F.2d at 1299.  The Court, however, is itself "an expert on the question and may consider its own knowledge and experience

concerning reasonable and proper fees and may form an independent judgment either

with or without the aid of witnesses as to value." Id. at 1303.  In calculating a

reasonable hourly rate, the Court may consider, among other things, "the novelty and

difficulty of the questions involved," and "the skill required to perform the legal service

properly."  Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 719 (5th Cir.

1974).

 Here, Plaintiff's lead counsel J. Freddy Perera requests an hourly rate of $400 for

himself and $350 an hour for fellow partner Brody Shulman.  He also requests $325 an

hour for senior associate Waynice Green, $250 an hour for associate Stepanka

Hofmanova, and $125 for paralegal Tatyanna Howard.  DE 20 at 17-19.  Mr. Perera has

been practicing for 9 years and is a founding partner at Perera Barnhart Aleman.  Mr.

Shulman has also been practicing for 9 years.  Plaintiff cites two cases in this district,

one from this Court, which found Mr. Perera's hourly rate of $400 and Mr. Shulman's

hourly rate of $350 reasonable.  DE 20 at 18-19.  As Defendant points out, both

approvals were in the context of Settlement Agreements where the parties agreed on

attorneys' fees.  DE 24 at 11-12.  That is not to say that the Court did not review the

amounts for reasonableness, it is just to say that the context is indeed different.

 Plaintiff focuses his argument on the fact that clients regularly pay the requested

hourly rates for his counsel.  DE 20 at 17-19.  That may be true, but this was a relatively

straightforward FLSA retaliation case that quickly settled.  It was not a case that

required expertise or a high level of skill, and there was nothing complex or novel about

the questions involved.  Plaintiff does not argue otherwise.  Thus, the Court finds $350

to be a reasonable hourly rate for both Mr. Perera and Mr. Shulman, who share the

same number of years of experience.  See Cardoza v. Mario's Cleaning Serv., Corp.,
2018 WL 1353141, at *3 (S.D. Fla. March 14, 2018) (awarding $350 for an attorney with
eighteen years' experience); De Armas v. Miabraz, LLC, 2013 WL 4455699, at *4 (S.D.
Fla. Aug. 16, 2013) (finding $300 and $350 an hour for attorneys with 7-9 years'
experience "near the high end of reasonable").

Regarding Ms. Green, the Court finds $325 an hour to be unreasonable,
especially given that her employment law experience is more than half that of Mr.
Shulman, who charges only $25 more an hour.  Additionally, $325 is excessive in light
of the skill required to perform the work she did, which was drafting a subpoena.  An
hourly rate of $250 is more appropriate.  See Rodriguez v. Pasat Roofing, Inc., 2014
WL 11706450, at *1 (S.D. Fla. Sept. 10, 2014) (finding $200 an hour for an attorney with
4 years' experience as a Florida attorney reasonable).  Additionally, the Court finds
$200 an hour appropriate for Ms. Hofmanova, who has been a Florida attorney for one
year. See Martinez v. Hernando Cnty. Sheriff's Office, 2013 WL 6047020, at *2 (M.D.
Fla. Nov. 13, 2013) (awarding $125 an hour for attorneys with less than two years of
experience).  The Court does not take issue with the $125 paralegal hourly rate.

### 3. Reasonable Hours Expended

The Eleventh Circuit has stressed that fee applicants must exercise "billing
judgment," meaning "they must exclude from their fee applications excessive,
redundant, or otherwise unnecessary hours."  ACLU of Ga., 168 F.3d at 428 (quoting
Norman, 836 F.2d at 1301).  When a court finds the number of hours claimed to be
unreasonably high, it may conduct an hour-by-hour analysis or may reduce the
requested hours with an across the board cut.  Bivens v. Wrap It Up, Inc., 548 F.3d

1348, 1350 (11th Cir. 2008); <u>Williams v. R.W. Cannon, Inc.</u>, 657 F. Supp. 2d 1302, 1309 (S.D. Fla. 2009).  As there are only five timekeepers with approximately thirty entries, the Court will conduct a line-by-line analysis.

Starting with Mr. Perera, he has 18 time entries totaling 21 hours.  DE 20-7, DE 30-11.  The Court does not take issue with Mr. Perera's first seven entries, which relate to drafting the complaint, communicating with opposing counsel, and drafting motions and interrogatories.  These entries equal 3.2 hours.  The next five entries, and the first one on August 5th, relate to drafting or editing the present Motions.  As Plaintiff admits, "most of the time spent on this case actually related to the filing of this Motion."  DE 20 at 20.  Indeed, as those entries equal 9 hours.  It should be noted that more than half of the Motions is spent extensively and unnecessarily detailing the facts of the underlying case and explaining that retaliation claims are proper.  DE 20.  The Court finds that half the billed time, 4.5 hours, would have been more than sufficient for drafting the Motions.

Mr. Perera has two entries for researching case law for the Motions, totaling 1.7 hours.  The Court agrees with Defendant that this work could have, and indeed should have, been delegated to an associate.  Thus, the Court will allow these entries at the rate of Ms. Green's $250.  <u>See</u> <u>U.S. E.E.O.C. v. Enterprise Leasing Co., Inc.</u>, 2004 WL 21659097, at * (M.D. Fla. May 16, 2003) ("Research of case law and rules for intervention is a task for an associate or paralegal and should be billed at an associate or paralegal rate, not at a partner rate.").  Mr. Perera has three additional entries relating to Plaintiff's Reply, totaling 7.1 hours. DE 30-11.  The Court does not take issue with the 1.1 hours analyzing Defendant's Response but finds the 6 hours drafting and editing the Reply excessive.  As above, the Court will reduce this by half, allowing 3 hours.  In

sum, the Court will permit recovery of 11.8 of Mr. Perera's hours at an hourly rate of $350 and 1.7 hours at Ms. Green's hourly rate of $250.

Mr. Shulman has 8 entries totaling 2.6 hours.  The Court finds that Mr. Shulman's entry for drafting the one-substantive-page Statement of Claim for .5 hours is excessive. Plaintiff may recover .3 hours for this task.  Mr. Shulman also has four entries for filing notices and pleadings, totaling 1 hour.  "While this work is necessary to litigate a case, it hardly calls upon the skills and training of an attorney billing" at $350.00 an hour.  See Peress v. Wand, 597 F. Supp. 2d 1320, 1325 (S.D. Fla. 2008).  Instead, these hours will be recovered at the paralegal hourly rate of $125.  The Court does not take issue with Mr. Shulman's other three entries, totaling 1.1 hours.  Therefore, the Court will permit recovery of 1.4 hours at Mr. Shulman's $350 rate and 1 hour at the $125 paralegal rate.

Ms. Green has two entries totaling .4 hours.  The Court does not take issue with these and will permit recovery at $250 an hour.  Ms. Hofmanova has three entries totaling 4.2 hours.  The Court only takes issue with the last, 1.7 hours for legal research concerning whether the Court has jurisdiction after voluntary dismissal.  But the parties agreed to this issue, and the Court ordered it so in the Order of Dismissal.  DE 15. These hours were unnecessary and will be stricken.  The Court will permit recovery of the remaining 2.5 hours at a rate of $200.  Lastly, paralegal Tatyanna Howard billed .7 hours for reviewing and calendaring the trial order.  "A party may only recover fees for paralegal service to the extent the paralegal performs work traditionally performed by an attorney rather than work that is clerical or secretarial in nature." Strickland v. Air Rescue Air Conditioning, Inc., 2016 WL 11581971, at *4 (M.D. Fla. Aug. 25, 2016), report and recommendation adopted, 2016 WL 11581970 (M.D. Fla. Sep. 12, 2016).

Calendaring is secretarial, not legal work, and is not compensable.  Thus, the .7 hours

will be stricken.

### 4.  Calculation of the "Lodestar"

Finally, the Court calculates the permitted attorneys' fees as follows.  Plaintiff is

entitled to recover $5,770 in attorneys' fees.  The Court believes this is fair and

reasonable in light of the difficulty of the issues, the skill required to adequately perform

the legal services, and the hours billed that were unnecessary and excessive.

| Timekeeper | Reasonable Rate | Reasonable Hours | Total |
|------------|-----------------|------------------|-------|
| Perera | $350 | 11.8 | $4,130 |
| Shulman | $350 | 1.4 | $490 |
| Green | $250 | 2.1 | $525 |
| Hofmanova | $200 | 2.5 | $500 |
| Howard | $125 | 1 | $125 |
| **Totals** | | **18.8** | **$5,770** |

### B. Costs

Plaintiff requests $400 in taxable costs.  As stated above, § 216(b) of the FLSA

allows a prevailing party to recover "costs of the action."  Additionally, Rule 54 of the

Federal Rules of Civil Procedure also provides that costs "should be allowed to the

prevailing party."  Fed. R. Civ. P.  54(d)(1).  Under Rule 54, "fees of the clerk and

marshal" may be taxed as costs.  28 U.S.C. § 1920(1).  In order to recover these costs,

a bill of costs shall be filed.  Id.  Plaintiff seeks recovery of the $400 filing fee for this

action and has attached a Bill of Costs and documentary support to his Motions.  DE

16-4, 16-5.  Defendant argues that Plaintiff is not entitled to the filing fee because "the case never should have been filed in the first place."  DE 24 at 20.  But the statutes create a presumption in favor of awarding costs, and the Court's "discretion to deny costs (in particular to a prevailing plaintiff under [] the Fair Labor Standards Act) is quite limited."  Valley v. Ocean Sky Limo, 82 F. Supp. 3d 1321, 1330 (S.D. Fla. 2015).  Defendant has not overcome this presumption.  Accordingly, the Court will award Plaintiff $400 in costs.

### III. Conclusion

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion in Support of Bill of Costs [DE 16] is **GRANTED**.  Plaintiff is entitled to recover costs in the amount of **$400** against Defendant.

2. Plaintiff's Verified Motion for Attorneys' Fees and to Tax Costs [DE 20] is **GRANTED in part** and **DENIED in part**.  Plaintiff is entitled to recover attorneys' fees in the amount of **$5,770.00** against Defendant.

3. The Court will separately enter a Final Judgement for Attorneys' Fees and Costs in favor of Plaintiff.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 19th day of October, 2020.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/EC

9