UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-80993-DIMITROULEAS/MATTHEWMAN

TIMOTHY O'BRYAN,

    Plaintiff,

v.

JOE TAYLOR RESTORATION, INC., a Florida corporation, *et al.*,

    Defendants.
_____/

FILED BY KJZ D.C.
Sep 29, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS'
AMENDED MOTION TO TAX COSTS UNDER 28 U.S.C. § 1920 [DE 90]**

**THIS CAUSE** is before the Court upon Defendants, Joe Taylor Restoration, Aaron Getty, Karen Radewicz, and Glenda Galarza's ("Defendants") Amended Motion to Tax Costs under 28 U.S.C. § 1920 ("Motion") [DE 90]. This matter was referred to the undersigned by United States District Judge William P. Dimitrouleas. *See* DE 91. Plaintiff, Timothy O'Bryan ("Plaintiff") has filed a response [DE 93], and Defendants have filed a reply [DE 95]. For the reasons that follow, the undersigned **RECOMMENDS** that the District Judge award Defendants costs in the amount of **$4,478.81** against Plaintiff.

                      **I.**      **BACKGROUND**

After a four-day jury trial, the Court entered a Final Judgment on behalf of Defendants and against Plaintiff on June 11, 2021. [DE 82]. On July 12, 2021, Defendants filed their first motion to tax costs [DE 82]. On July 15, 2021, Defendants filed their amended motion to tax costs [DE 90], which is currently before the undersigned. The Motion seeks costs pursuant to 28 U.S.C.

1

§ 1920, Federal Rule of Civil Procedure 54, and Southern District of Florida Local Rule 7.3. Attached to Motion are a Bill of Costs and the supporting documentation [DE 90-1], the index from Defendants' Trial Notebook [DE 90-2], and the index from Defendants' Exhibit Notebook [DE 90-3].

## II.  LITIGATION EXPENSES AND COSTS

Defendants request a total of $7,095.81 in costs and specifically seek the following costs: (1) $160 in fees for service of summons and subpoena; (2) $2,432.30 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) $400 in fees for witnesses; and (4) $4,103.51 in fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case. [DE 90-1]. In their Motion, Defendants describe the nature of the costs sought to be recovered and the reasons why those costs were incurred. Plaintiff solely objects to the costs sought for enlarged copies and demonstrative aids. [DE 93].[1]

A. Legal Standard

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee*

---

[1] Regardless of whether Plaintiff objects to certain costs or not, the Court has an independent duty to only award costs which are lawful and justified under federal law. *See Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Zendejas v. Redman*, No. 15-81229-CV, 2018 WL 5808705, at *1 (S.D. Fla. Nov. 6, 2018); *Humphrey v. Napolitano*, No. 11-20651-CIV, 2012 WL 1416424, at *1 (S.D. Fla. Apr. 24, 2012); *McIntyre v. FLX of Miami, Inc.*, No. 08-20030-CIV, 2008 WL 5070249, at *1 (S.D. Fla. Nov. 25, 2008). This is because, "[a]bsent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920." *Morales v. M & M Painting & Cleaning Corp.*, No. 07-23089-CIV, 2008 WL 5070304, at *1 (S.D. Fla. Nov. 25, 2008) (citing *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)).

*Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, there is no doubt that Defendants are the prevailing party. They prevailed at trial, and a Final Judgment was entered in their favor. [DEs 78, 82].

Next, 20 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax costs regarding the following:

> (1) Fees of the Clerk and Marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Analysis

1. *Service of Process of Subpoenas*

Defendants seek $160 in private process server fees for the service of three subpoenas issued to Dr. Jack Newcomer and for the service of a trial subpoena on Plaintiff. [DE 90 at 3]. 28 U.S.C. § 1920(1) permits a prevailing party to collect fees "of the marshal," which includes fees for service of subpoenas. *See* 28 U.S.C. § 1921(a)(1)(B). Although § 1920(1) only refers to the "marshal," the Eleventh Circuit has held that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921" as long as such fees do not exceed the rate charged by the U.S. Marshal. 28 U.S.C. § 1920(1); *E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 623–24 (11th Cir. 2000).

The rate charged by the U.S. Marshal is $65.00 per hour for each item served. *See* 28 C.F.R. § 0.114(a)(3) (2019).

Defendants have provided the invoices for the subpoenas. [DE 90-1]. The private process server charged $40 per subpoena, which is lower than the Marshal's statutory rate. Therefore, the undersigned **RECOMMENDS** that the District Judge award $160 in costs for the service of the four subpoenas.

2. *Deposition and Transcription Fees*

Defendants seek to recover court reporter and deposition transcript fees in the amount of $2,432.30. [DE 90-1]. According to Defendants, they incurred court reporter fees and costs for obtaining the deposition transcripts of Timothy O'Bryan and Dr. Jack Newcomer. [DE 90 at 5]. They also incurred costs for obtaining copies of the deposition transcripts of Aaron Getty, Glenda Galarza, Karen Radewicz, and Stuart Rosenfeldt. *Id.* Defendants provide a detailed explanation of the propriety of each deposition. *Id.* They also explain that each of these witnesses appeared on Plaintiff's trial witness list, all but one appeared on Defendants' trial witness list, all were subpoenaed or called to testify at trial, and all but one of the deposition transcripts was included in Defendants' summary judgment motion. *Id.* at 6.

The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court

4

reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). "In addition, many courts in this district have held that court reporter attendance fees are taxable as costs." *Sutton v. Royal Caribbean Cruise Line*, No. 16-24707-CIV, 2018 WL 4282843, at *3 (S.D. Fla. Sept. 7, 2018) (citing *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013)).

The Court finds that Defendants have established that the depositions would have been necessary at the time they were taken and that the transcripts were necessarily obtained for use in this case. The Court also notes that Plaintiff does not object to Defendants' request. Defendants have provided the relevant court reporter invoices. [DE 90-1]. While the Court does generally find that Defendants are entitled to recover the court reporter attendance fees and transcript costs, the Court finds that the invoices from the court reports contain some fees that are not recoverable.

Courts have determined that "fees for expedited or condensed transcripts, compressed and miniscript versions, and CD ROMs with ASCII are not reimbursable under § 1920." *Muldowney v. MAC Acquisition, LLC*, No. 09-22489-CIV-HUCK, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010) (quoting *Licausi v. Symantec Corp.*, No. 08-60544-CIV, 2009 WL 3177566, at *3 (S.D. Fla. Sept. 29, 2009)). "[C]osts incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014). Section "1920(2) allows for the taxation of "fees for printed *or* electronically recorded transcripts."

28 U.S.C. § 1920(2) (emphasis added). "[T]he statute is written in the disjunctive and does not allow for the taxation of the printed *and* electronic version of the same transcript." *Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017).

"[W]hen the cost of an expedited transcript is incurred solely for the convenience of counsel, it is not taxable." *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-CIV, 2019 WL 2245507, at *3 (S.D. Fla. Apr. 17, 2019) (citing *Nat'l Bancard Corp. v. VISA, Inc.*, 112 F.R.D. 62, 64 (S.D. Fla. 1986). When a court must determine whether such costs are recoverable, "the court should consider whether the prevailing party could have reasonably believed that [they were] necessary." *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). "[W]hen the movant demonstrates a need for expediting the transcript, a district court may award costs." *A.T.O. Golden Constr. Corp.*, 2019 WL 2245507, at *3 (citing *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225-26 (11th Cir. 2002)).

Here, Defendants have not shown that copies of the exhibits or e-litigation packages were necessary. The Court does, however, find that Defendants would have believed that an expedited transcript for the deposition of Glenda Galarza was necessary given the summary judgment deadline in this case. After subtracting the fees that Defendants are not entitled to recover ($35 for the e-litigation package for Timothy O'Bryan's deposition transcript, $35 for the e-litigation package for Dr. Newcomer's deposition transcript, and $12 for the exhibits for Karen Radewicz's deposition transcript), the Court has calculated that Defendants are entitled to $2,350.30 in court reporter attendance and transcript fees. The undersigned **RECOMMENDS** that the District Judge award Defendants $2,350.30 in deposition-related costs.

### 3. Fees for Witnesses

Defendants seek to recover $400 in witness fees charged by Dr. Newcomer at his appearance at his deposition. [DE 90 at 9]. Defendants have attached a vague invoice regarding these fees. [DE 90-1].

"Witness fees are statutorily mandated by 28 U.S.C. § 1920(3) ... However, the amount of witness fees and taxable costs are governed by 28 U.S.C. § 1821...." *Rosenfeld v. Oceania Cruises, Inc.,* 2010 WL 11505555, *3 (S.D. Fla. May 25, 2010). Pursuant to 28 U.S.C. § 1821(a)(1), "[e]xcept as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section." 28 U.S.C. § 1821(a)(1). Section 1821(b) states that "[a]witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(b). Thus, witness fees are recoverable when they do not exceed the normal statutory award of $40.00 per day. *See Versilia Supply Serv. SRL v. M/Y WAKU*, No. 18-CV-62975, 2021 WL 2142884, at *9 (S.D. Fla. May 11, 2021), *report and recommendation adopted,* No. 18-62975-CIV, 2021 WL 2138447 (S.D. Fla. May 26, 2021) (reducing the witness fee to $40 when the movant failed to provide an explanation for why the fee should be higher than that); *Marjam Supply Co. of Fla. LLC v. Pliteq, Inc.*, No. 1:15-CV-24363, 2021 WL 1200422, at *22 (S.D. Fla. Mar. 5, 2021), *report and recommendation adopted*, No. 15-CV-24363, 2021 WL 1198322 (S.D. Fla. Mar. 30, 2021) (reducing the $254.40 in fees requested

for two witnesses to the normal statutory award of $40.00 in the absence of justification for the higher request); *Berber v. Wells Fargo Bank, N.A.*, No. 16-24918-CIV, 2021 WL 495033, at *2 (S.D. Fla. Feb. 2, 2021), *report and recommendation adopted,* No. 16-24918-CIV, 2021 WL 493397 (S.D. Fla. Feb. 10, 2021) ("While $40 per day is low for any expert witness, it is not within this Court's power to increase the amount.").

Here, given the statutory language and since Defendants have provided no justification for their request for a witness fee of $400, the Court **RECOMMENDS** that the requested witness fee be reduced to $40.

### 4. Fees for Exemplification and Costs of Making Copies

Defendants request fees for exemplification and the costs of making copies in the amount of $4,103.51. [DE 90-1]. Defendants explain that a portion of the costs was for "oversized displays of certain key emails between Plaintiff and Defendants, as well as two progress notes from Dr. Newcomer, highlighted and enhanced for the jury's review during closing arguments." [DE 90 at 7]. Defendants also incurred costs for a "demonstrative aid which was used during closing arguments: a timeline of events." *Id.* Finally, they incurred costs to provide a paper copy of the Exhibit Notebook to the Court and to opposing counsel at trial, as well as to make two copies of the Exhibit Notebook and Trial Notebook for Defendants' own use during trial. *Id.* at 8. For the copies, Defendants seek a rate of $0.17 per page. *Id.* at 9.

In response, Plaintiff only contests the $3,826.75 in costs for enlarged copies of the emails and doctor's notes and the timeline demonstrative aid used during closing arguments. [DE 93 at 1]. Plaintiff does not contest the copying costs in the amount of $276.76. According to Plaintiff, the enlarged chart used at closing does not fit within the definition of "exemplification," as

8

interpreted by relevant case law. [DE 93 at 1-2]. Plaintiff also argues that the oversized emails "could be arguably within the definition of 28 U.S.C. § 1920(4) as exemplified copies," but that the emails were not necessarily obtained for use in the case since Defendants only flashed them in front of the jury during closing argument for about 15-30 seconds each. *Id.* at 2. Plaintiff also points out that Defendants "had full use of the ELMO projector throughout the trial that enlarged these emails and doctors [sic] notes as well for the jury." *Id.*

In reply, Defendants cite case law to support their argument that the demonstrative aid falls within the definition of "exemplification." [DE 95 at 1-4]. With regard to the enlarged email exhibits, Defendants argue that the costs incurred for those exhibits are clearly recoverable as the exhibits were necessarily obtained for use in this case. *Id.* at 4.

Pursuant to 28 U.S.C. § 1920(4), a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Section 1920 permits costs to be taxed for certified copies of documents and copies of documents "necessarily obtained for use in the case." *Goodwall Const. Co. v. Beers Const. Co.,* 824 F. Supp. 1044, 1063 (N.D. Ga. 1992), *aff'd and remanded,* 991 F.2d 751 (Fed. Cir. 1993). The Eleventh Circuit has explained that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d 623. "Although courts may not tax as costs copies made for the convenience of counsel, such as multiple copies, courts may tax the costs of copies made for the purpose of providing them to the court or to opposing counsel." *Bynes-Brooks v. N. Broward Hosp. Dist.*, No. 16-CV-60416, 2017 WL 3237053, at *3 (S.D. Fla. July 31, 2017) (quoting *Sensormatic Elecs. Corp. v. Tag Co. US*, No. 06-81105-CIV, 2009 WL 3208649, at *9 (S.D. Fla. Oct. 2, 2009)).

9

"Rates between $0.10 and $0.25 per page are recoverable." *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *6 (S.D. Fla. Feb. 2, 2016) (citing *Fla. Pawnbrokers & Secondhand Dealers Ass'n v. City of Fort Lauderdale*, 711 F. Supp. 1084, 1086 (S.D. Fla. 1989) ($0.25 per page)).

First, with regard to the copies of the Exhibit Notebook and Trial Notebook, Defendants have demonstrated that they were necessarily obtained for use in the case, the rate of 17 cents per page is reasonable, and Plaintiff does not object to the costs sought. Thus, Defendants are clearly entitled to $276.76 in copying costs.

Second with regard to the enlarged emails and doctor's notes, Plaintiff concedes that they arguably fit within the statutory definition of exemplification but argues that they were not necessarily obtained for use in the case. The Court disagrees. The exhibits were used during the course of the trial. While Defendants could have chosen to use the ELMO, they have justified the exhibits with their explanation that they were "allotted only a certain amount of time for closing arguments and therefore used the blown-up exhibits, as opposed to searching through the exhibits and displaying them to the jury with the ELMO." [DE 95 at 4]. Defendants are entitled to these $1,651.75 in costs.

Third, with regard to the demonstrative aid, costs should be denied. In *Thompson v. N. Broward Neurology, P.A.*, No. 16-CV-60240, 2017 WL 7792715, at *4 (S.D. Fla. July 20, 2017), *report and recommendation adopted,* No. 16-CV-60240, 2017 WL 7796159 (S.D. Fla. Aug. 7, 2017), U.S. Magistrate Judge Alicia O. Valle denied the defendants' (who were represented by the same counsel who represent Defendants in this case) request for copying costs for demonstrative aids used at trial and invoiced by RLM d/b/a Trialgraphix. Judge Valle explained

that the defendants' reliance on *Arcadian Fertilizer, L.P. v. MPW Industries Services, Inc.*, 249 F.3d 1293 (11th Cir. 2001), was misplaced because, in that case, the Eleventh Circuit ruled that, although the cost for oversize documents and color photographs was taxable under § 1920(4), the production of demonstrative exhibits, computer animations, and videotape exhibits was not. *Arcadian*, 249 F.3d at 1296-97. Judge Valle additionally explained that *Arcadian* has nothing to do with communication design. The Court finds *Thompson v. N. Broward Neurology, P.A.*, to be persuasive.

Additionally, the Court declines to follow the Middle District of Florida's ruling that a demonstrative aid constitutes "reproduction involving paper in its various forms" as described in *Arcadian Fertilizer*. *See Peeler v. KVH Indus., Inc.*, No. 8:12-CV-1584-T-33TGW, 2014 WL 12617558, at *5 (M.D. Fla. June 16, 2014). The Court also declines to follow the Seventh Circuit decision in *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416 (7th Cir. 2000). Neither of these decisions are binding on the Court; nor are they persuasive.

Here, the invoice from TrialGraphix evidences that the demonstrative aid does not fall within section 1920(4). The $2,175.00 in costs includes time spent discussing the case at a meeting between TrialGraphix employees and Defendants' counsel, laying out the timeline that appeared on the demonstrative aid, and revising the text of the timeline several times. Section 1920(4) anticipates exemplification and the costs of making copies of any materials, whereas the demonstrative aid at issue involved attorney input and the inclusion of particular language taken from several sources. The case of *Curry v. Montgomery*, No. 07-228899-CIV, 2010 WL 883798, at *5 (S.D. Fla. Mar. 9, 2010), is distinguishable because it involved reimbursement for color photographs, enlargements, and mounting. The costs incurred here are not that straightforward. In

sum, Defendants obtained the demonstrative exhibit for the convenience of counsel, and, more importantly, the demonstrative exhibit does not fall within the statutory definition of exemplification. Defendants are not entitled to these $2,175.00 in costs.

Therefore, based upon the above analysis, the Court **RECOMMENDS** that copying costs in the amount of $1,928.51 be awarded to Defendants.

### III. CONCLUSION

In light of the foregoing, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Defendants' Amended Motion to Tax Costs under 28 U.S.C. § 1920 [DE 90] and further **RECOMMENDS** that Defendants be awarded total costs in the amount of $4,478.81, comprising $160 in costs for the service of the four subpoenas; $2,350.30 in deposition-related costs; $40 in witness fees; and copying and exhibit costs in the amount of $1,928.51. Plaintiff should be ordered to pay Defendants total costs in the amount of **$4,4,78.81,** and a judgment be entered against Plaintiff accordingly, for which let execution issue. Finally, the undersigned **RECOMMENDS** that District Judge deny as moot Defendants' Motion to Tax Costs under 28 U.S.C. § 1920 [DE 87], as it has since been amended.

### IV. NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v.*

*Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of September 2021.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge