UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-80993-DIMITROULEAS/MATTHEWMAN

TIMOTHY O'BRYAN,

      Plaintiff,

v.

JOE TAYLOR RESTORATION, INC., a Florida
corporation, *et al.*,

      Defendants.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS [DE 92]**

THIS CAUSE is before the Court upon Defendants, Joe Taylor Restoration, Aaron Getty, Karen Radewicz, and Glenda Galarza's ("Defendants") Motion for Attorney's Fees and Non-Taxable Costs ("Motion") [DE 92]. This matter was referred to the undersigned United States Magistrate Judge by United States District Judge William P. Dimitrouleas. [DE 94]. Plaintiff, Timothy O'Bryan ("Plaintiff") filed a response [DE 96], and Defendants filed a reply [DE 97]. For the reasons that follow, the Undersigned **RECOMMENDS** that the Motion be **DENIED**.

## I.    BACKGROUND

Plaintiff filed a Complaint on June 3, 2020, alleging one count of FFCRA[1] Interference and one count of FFCRA Retaliation which sought damages for Defendants' alleged failure to

---

[1] The Families First Coronavirus Response Act ("FFCRA"), Pub. L. 116–127, contains both the Emergency Family and Medical Leave Expansion Act ("EFMLEA") and the Emergency Paid Sick Leave Act ("EPSLA"). The EFMLEA and EPSLA are modeled after the Family Medical leave Act ("FMLA") and the Fair Labor Standards Act ("FLSA"), respectively, to provide paid leave and other benefits to employees for various reasons related to COVID-19.

abide by the FMLA as it relates to sick leave for employees missing work for reasons related to COVID-19. [DE 1]. On July 20, 2020, Defendants filed an Answer. [DE 6].

On October 12, 2020, Defendants sent Plaintiff a Rule 11 demand letter. [DE 15-2]. This demand letter stated that Plaintiff has no cause of action under the FMLA because Plaintiff "has not alleged he was unable to work due to a need for leave to care for a child under 18 years of age, whose school or place of care has been closed, or that the care provider of such child was unavailable, due to COVID-19." [DE 15, DE 15-1]. On October 15, 2020, Plaintiff voluntarily dismissed Count Two only. [DE 12, DE 13].

On November 6, 2020, Defendants filed a Rule 11 motion. [DE 15]. This motion mirrored the demand letter and alleged that Plaintiff was not entitled to any relief under the FMLA. Defendants acknowledged that Plaintiff withdrew Count Two but argued that Count One improperly asserted a claim under the FMLA. That same day, Defendants also filed a Motion for Judgment on the Pleadings ("MJOP"), which contained this same argument as to Count One. [DE 14]. On November 18, 2020, the District Judge denied Defendants' MJOP and granted Plaintiff leave to file an Amended Complaint. [DE 18]. Later that same day, Plaintiff filed an Amended Complaint. [DE 19]. In this Amended Complaint, Plaintiff removed all mention of the "FMLA," and instead sought damages pursuant to the EPSLA. *Id*. On January 6, 2021, the Undersigned denied Defendants' Rule 11 motion because "[t]his Court does not impose harsh Rule 11 sanctions for simple mistakes by counsel," and "Plaintiff's incorrect citation to the FMLA in the initial Complaint was corrected when the Amended Complaint cited the EPSLA." [DE 30].

On February 17, 2021, Defendants filed a motion for summary judgment. [DE 34]. On April 20, 2021, the District Judge denied the summary judgment motion, finding there were

genuine issues of material fact which remained disputed, such as whether Plaintiff was experiencing COVID-19 symptoms at the same time he was seeking a medical diagnosis from a health care provider and whether there would have been any work for him had he not been in a COVID-19 related quarantine. [DE 49].

The case proceeded to jury trial. On day three of the four-day jury trial, after the close of Plaintiff's case, Defendants moved for a directed verdict under Rule 50(a), which the Court denied. [DE 75]. At the conclusion of the trial, the jury returned a verdict in favor of Defendants on June 10, 2021 and the Court entered a Final Judgment on behalf of Defendants and against Plaintiff on June 11, 2021. [DE 82].

On July 28, 2021, Defendants filed the instant Motion [DE 92], which is currently before the Undersigned. The Motion seeks $126,807.50 in attorney's fees and $700.00 in non-taxable costs for attending mediation. The Motion was filed pursuant to 29 U.S.C. § 216(b), Federal Rule of Civil Procedure 11(b)(3), and Southern District of Florida Local Rule 7.3. Attached to Motion are the declaration of the lead attorney for Defendants, Daniel Levine, and supporting documentation [DE 92-4]; the time entries and descriptions of tasks done by each timekeeper [DE 92-5]; and the invoice for mediation costs [DE 92-6].

In the Motion, Defendants argue that, before this lawsuit was filed, Plaintiff knew or should have known that he did not do what was necessary to qualify for the sick pay leave. He did not produce any quarantine order from a governmental entity or a physician. He also failed to produce any evidence other than his own conclusory testimony about his experiencing symptoms of, and seeking diagnosis for, COVID-19. Defendants argue that the allegations in the complaint were frivolous and Plaintiff knew or should have known that before the case was filed, and certainly

should have known this after Dr. Newcomer provided his medical records stating he never directed Plaintiff to quarantine at any time. As a result, Defendants seek sanctions under the prevailing defendant, bad-faith FLSA standard against Plaintiff personally for bringing a claim which he knew was not factually supported from the start, and, at a minimum, for continuing the litigation in bad faith after receipt of Dr. Newcomer's records. Defendants also seek Rule 11(b)(3) sanctions against Plaintiff and his counsel for maintaining a factually frivolous case, which became plain when they received Dr. Newcomer's records.

## II.    <u>DISCUSSION</u>

EPSLA claims are judged under FLSA standards. Employers who do not provide paid sick leave as required under the EPSLA are considered to have failed to pay minimum wages in violation of section 6 of the FLSA, 29 U.S.C. § 206, and such employers are subject to enforcement proceedings described in sections 16 and 17. 29 U.S.C. §§ 216, 217. The FLSA entitles a prevailing defendant to attorney's fees where the district court finds the plaintiff "litigated in bad faith." *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998); *Kreager v. Solomon & Flanagan*, 775 F.2d 1541, 1543 (11th Cir. 1985); *Hubbard v. Jerry's Seamless Guttering, Inc.*, 2020 WL 6038110, at \*3 (S.D. Fla. Oct. 6, 2020); *Goss v. Killian Oaks House of Learning*, 248 F.Supp.2d 1162, (S.D. Fla. 2003). This power derives from common law; courts possess the "inherent power" to award attorneys' fees to a prevailing defendant when a plaintiff has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975). Bad faith is determined by conduct and motive, rather than on the case's validity. *Murray v. Playmaker Services, LLC*, 548 F. Supp. 2d 1378, 1381 (S.D. Fla. 2008), *aff'd,* 325 Fed. Appx. 873 (11th Cir. 2009) (citing *Kreager*, 775 F.2d at 1543). In this

4

context, bad faith may include "acts preceding and during litigation." *Flores v. Park W. Parking LLC*, 2008 WL 11409098, at *8 (S.D. Fla. Feb. 1, 2008) (citing *Kreager*, 775 F.2d at 1543); *see also Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991) ("When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest."). "The Court may not sanction Plaintiff or his counsel without making *specific findings of subjective bad faith conduct.*" *Flores*, 06-22055-CIV, 2008 WL 11409098, at *8 (citing *Turlington*, 135 F.3d at 1438). The Court can also award non-taxable costs under the Court's inherent authority. *Wen Liu v. Univ. of Miami, Sch. of Med.*, 2018 WL 4613326, at *4 (S.D. Fla. Sept. 26, 2018); *see also Taverna Imports, Inc. v. A&M Wine & Spirits, Inc.*, 2019 WL 12446711, at *6 (S.D. Fla. Oct. 2, 2019).

Rule 11 "is intended to deter improper litigation techniques, such as delay and bad faith." *Briggs v. Briggs*, 245 Fed. Appx. 934, 936 (11th Cir. 2007) (citing Fed. R. Civ. P. 11, 1983 Advisory Committee notes). "Rule 11 permits imposing sanctions on an attorney, law firm, or party as the court deems appropriate." *Williams v. Weiss*, 190 Fed. Appx. 944, 945 (11th Cir. 2006) (citing Fed. R. Civ. P. 11(c)). Although district courts have discretion whether to award Rule 11 sanctions, a district court abuses that discretion if it fails to "describe the conduct it determined warranted sanctions and explain the basis for the sanctions imposed." *Id.* (citing Fed. R. Civ. P. 11(c)(3)). "Rule 11 sanctions are appropriate (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory with no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith and for an improper purpose." *Briggs*, 245 Fed. Appx. at 936 (citing *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001)).

The Court may subject a represented party such as Plaintiff to Rule 11 sanctions if, for example: (1) allegations in the complaint were frivolous and Plaintiff "knew or should have known that the allegations in the complaint were frivolous;" (2) Plaintiff "misrepresent[ed] facts in the pleadings;" or (3) the action was frivolous and Plaintiff was the "mastermind" behind the frivolous case. *Byrne v. Nezhat*, 261 F.3d 1075, 1117-18 (11th Cir. 2001).

The Undersigned finds that Defendants have not met their very high burden to establish entitlement to its attorney's fees and non-taxable costs on the facts of this case. The Court has repeatedly found that this case required a jury to determine the facts after a full presentation of evidence at trial. *See* DE 49 (denying Defendants' motion for summary judgment); DE 82 (denying Defendants' Rule 50(a) motion for a directed verdict after the close of Plaintiff's case). Moreover, although Plaintiff presented a weak case and it is not surprising that the jury did not find Plaintiff to be entirely credible, the evidence presented at trial was sufficient to avoid sanctions. Plaintiff testified that he had a cough and fever symptoms, he was trying to schedule a COVID-19 test and make an appointment with his doctor, he obtained a doctor's note, he took a COVID-19 test, and that he was positive for COVID-19. In addition, Plaintiff's counsel made strategic decisions not to admit Plaintiff's positive COVID-19 test and Defendants' counsel fought to keep certain evidence and witnesses away from the jury with success. The minimal evidence presented by Plaintiff is sufficient here, particularly in light of the factual backdrop of an unprecedented global pandemic. The Undersigned cannot ignore that Plaintiff alleges that he began feeling ill on March 30, 2020, during the start of the COVID-19 pandemic in the United States, and that the FFCRA, which contains the EPSLA, became effective only on April 1, 2020. Although Plaintiff was ultimately not successful at trial, on the facts of this case, the Undersigned finds that Defendants have not

met their burden to establish entitlement to its attorney's fees and costs as a sanction against Plaintiff and Plaintiff's counsel.

## III.   CONCLUSION AND RECOMMENDATION

The Undersigned **FINDS** that Plaintiff did not act in bad faith in this lawsuit and did not pursue a frivolous claim. In light of the foregoing, and in light of the findings above, the Undersigned **RECOMMENDS** that the Defendants' Motion for Attorney's Fees and Non-Taxable Costs [DE 92] be **DENIED**.

## IV. NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of December 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge