UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-80993-DIMITROULEAS

TIMOTHY O'BRYAN,

    Plaintiff,

vs.

JOE TAYLOR RESTORATION, INC., a Florida
Corporation, AARON GETTY, individually,
KAREN RADEWICZ, individually, and
GLENDA GALARZA, individually,

    Defendants.
_____/

## ORDER APPROVING REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS

THIS CAUSE is before the Court upon Defendants Joe Taylor Restoration, Aaron Getty, Karen Radewicz, and Glenda Galarza ("Defendants")' Motion for Attorney's Fees and Non-Taxable Costs (the "Motion") [DE 92], the December 22, 2021 Report and Recommendation of Magistrate Judge William Matthewman (the "Report") [DE 100], and Defendants' Objections to Report and Recommendation [DE 101]. The Court has carefully considered these filings, the entire docket, and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784

(citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

Accordingly, the Court has undertaken a *de novo* review of the record and Defendants' Objections to the Magistrate Judge's Report and Recommendation. [DE 101].  Defendants specifically object to the portion of the Report finding Plaintiff did not pursue a frivolous claim for purposes of meeting the standard required for an award of attorneys' fees and non-taxable costs under Rule 11. Defendants argue the Magistrate erred in reaching his result insofar as he focused on the Court's denial of summary judgment, the Court's denial of judgment as a matter of law, and the evidence Plaintiff presented at trial. Defendants further contend that the Magistrate considered that the case was litigated in "the factual backdrop of an unprecedented global pandemic" and, as such, held Defendants to a higher standard than Rule 11 requires. Having carefully considered Defendants' Objections, the Court overrules the Objections. The Court agrees with the Magistrate's conclusion that the Motion for Attorney's Fees and Non-Taxable Costs [DE 92] sought by Defendants should be denied.

"An attorney or a party may be sanctioned under Rule 11 for filing a pleading that: (1) has no reasonable legal basis; (2) has no reasonable factual basis; or, (3) is filed for an improper purpose." *Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir. 1989) (citing *United States v. Milam*, 855 F.2d 739, 742 (11th Cir. 1988)). "A court confronted with a motion for Rule 11 sanctions must first determine whether the claims raised are objectively frivolous and, if they are, whether

the signer of the pleadings should have been aware of their frivolous nature." *Lee v. Mid-State Land & Timber Co., Inc.*, 285 F. App'x 601, 608 (11th Cir. 2008) (citing *Worldwide Primates, Inc. V. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)). "Although sanctions are warranted when the claimant exhibits a deliberate indifference to obvious facts, they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (citations and quotations omitted).

Defendants primarily take issue with the fact that the Magistrate acknowledges that case proceeded over a summary judgment motion and motion for judgment as a matter of law. It is true that "[t]he court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading . . . was submitted." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995). However, Defendants acknowledge that the case proceeded because of facts and evidence which hinged, at least in part, on Plaintiff's credibility. *See* [DE 101] at 10 ("Defendants incurred further fees all the way through trial to defend themselves against a 'credibility' case when in fact no reasonable juror ever would have found Plaintiff credible."). Though the jurors ultimately found in favor of Defendants, sanctions are not warranted when evidence "is merely weak." *Baker*, 158 F.3d at 524. Upon careful review, the Court agrees with the Magistrate's finding that Defendants "have not met their very high burden to establish entitlement to its attorney's fees and non-taxable costs on the facts of this case," including their burden to establish that Plaintiff did not conduct a reasonable pre-filing inquiry. [DE 100] at 6.

Further, as to Defendants' argument regarding the Magistrate's observation that the case was litigated in the backdrop of a global pandemic, the standard for testing conduct under Rule

11 is the objective standard of "reasonableness under the circumstances." *Milam*, 855 F.2d at 743 (quoting *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987)) (internal quotations and citations omitted). The Magistrate Judge clearly considered the circumstances—an unprecedented global pandemic—as is permitted by Rule 11.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 100] is hereby **APPROVED**;

2. Defendants' Objections to Report and Recommendation [DE 101] are **OVERRULED**; and

3. Defendants' Motion for Attorney's Fees and Non-Taxable Costs [DE 92] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of January, 2022.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record
Magistrate Judge William Matthewman